■ PASQUALE MATERA, Respondent, v RAYMOND A. CATANZANO, Appellant.—In a legal malpractice action, the defendant appeals from (1) an order of the Supreme Court, Nassau County (Becker, J.), dated November 21, 1988, which denied his motion, *inter alia,* to set aside a jury verdict in favor of the plaintiff, and (2) a judgment of the same court, entered December 19, 1988, which is in favor of the plaintiff and against him in the principal sum of $98,055.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, and the complaint is dismissed; and it is further,

Ordered that the defendant is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order

are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

In order to prevail in the present legal malpractice action, the plaintiff was required to prove (1) that the defendant attorney negligently failed to bring a strict products liability action against the manufacturer of the conveyor belt which was allegedly instrumental in causing the plaintiff's injuries and (2) that if a strict products liability action had been brought, it would have resulted in his favor *(see, Kerson Co. v Shayne, Dachs, Weiss, Kolbrenner, Levy & Levine,* 45 NY2d 730, 732; *Metrokane Imports v Kane, Dalsimer, Kane, Sullivan & Kurucz,* 150 AD2d 153). The defendant testified that he decided not to commence a strict products liability action because there was nothing to indicate that the manufacturer was liable. We agree with the defendant's assessment of the lack of merit of any liability claim for damages based upon a strict products liability theory.

The record establishes that the conveyor belt in question had been altered subsequent to its manufacture, and that the accident would not have happened had this alteration not been made. Moreover, there is no proof from which a jury could reasonably infer that the conveyor belt was purposefully manufactured in order to facilitate the making of the alteration. Accordingly, the court should have dismissed the plaintiff's complaint *(see, Robinson v Reed-Prentice Div.,* 49 NY2d 471, 481; *cf., Lopez v Precision Papers,* 67 NY2d 871, 873, *affg* 107 AD2d 667). We find that the plaintiff's proof was deficient in several other respects, which need not be discussed in light of the foregoing determination. Mangano, P. J., Thompson, Bracken and Balletta, JJ., concur.