■ LONGACRE CORPORATION, Doing Business as SCHUELER & COMPANY, INC., Respondent, v BETTER HOSPITAL EQUIPMENT

Corp. et al., Appellants. [646 NYS2d 15]

On March 2, 1993, the Supreme Court issued an order which, *inter alia,* stated that counsel for both the plaintiff and the defendants certified that all discovery and pre-trial motions were complete. The court *sua sponte* directed the plaintiff to serve and file a note of issue within 90 days. The order stated "[f]ailure to comply within 90 days may serve as a basis for dismissal pursuant to CPLR 3216". Counsel for both the plaintiff and the defendants signed the order. Under these circumstances, we conclude that the order had the same effect as a 90-day notice (*cf., Ameropan Realty Corp. v Rangeley Lakes Corp.,* 222 AD2d 631).

In order to avoid a default under a 90-day notice, a plaintiff must comply either by timely filing a note of issue or moving for an extension of time within which to comply pursuant to CPLR 2004 (*see, Papadopoulas v R.B. Supply Corp.,* 152 AD2d 552).

Having failed to pursue either of the foregoing options, the plaintiff was obligated to demonstrate a reasonable excuse and a good and meritorious cause of action to avoid the sanction of dismissal (*see,* CPLR 3216 [e]). The plaintiff failed to discharge its burden in this respect. The record reveals that at no time did the plaintiff produce an affidavit attesting to the merits of its action. Moreover, the excuse proffered by the plaintiff was not a reasonable one. Bracken, J. P., Miller, Joy and Krausman, JJ., concur.