■ ALCIDES ARENAS, Respondent, v COUNTY OF NASSAU et al., Defendants, and VILLAGE OF FREEPORT et al., Appellants. [648 NYS2d 969] —In an action to recover damages for false arrest and malicious prosecution, the defendants Village of Freeport and Freeport Police Department appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Kohn, J.), dated November 13, 1995, as denied that branch of their motion pursuant to CPLR 3216 which was to dismiss the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was to dismiss the complaint insofar as asserted against the appellants is granted, the complaint is dismissed insofar as asserted against them, and the action against the remaining defendants is severed.

Having been served with a 90-day demand pursuant to CPLR 3216, it was incumbent upon the plaintiff to comply with the notice by filing a note of issue or by moving, before the default date, to either vacate the notice or to extend the 90-day period (*see, Turman v Amity OBG Assocs.,* 170 AD2d 668; *Papadopoulas v R.B. Supply Corp.,* 152 AD2d 552). Having failed to do either, the plaintiff was required to demonstrate that he had a justifiable excuse for the delay in properly responding to the 90-day notice and that he had a meritorious cause of action (*see, Papadopoulas v R.B. Supply Corp., supra*). The plaintiff failed to demonstrate a reasonable excuse for the default. Rosenblatt, J. P., Thompson, Santucci, Altman and Hart, JJ., concur.