■ Rose Safina, Respondent, v Queens-Long Island Medical Group, P. C., et al., Appellants, et al., Defendants. [657 NYS2d 337] —In an action to recover damages for medical malpractice, the defendants Queens-Long Island Medical Group, P. C., Andrew Webber, and Arun B. Mohile appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (O'Brien, J.), dated April 10, 1996, as denied their motion pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against them for failure to prosecute.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the complaint is dismissed insofar as asserted against the appellants.

In a certification order dated September 15, 1993, the Supreme Court, Nassau County, *sua sponte* directed the plaintiff to serve and file a note of issue within 90 days. The order, which was signed, *inter alia*, by counsel for the plaintiff, further provided that a failure to comply "may serve as a basis for dismissal pursuant to CPLR 3216". The plaintiff thereafter failed to serve and file the note of issue, and the appellants moved pursuant to CPLR 3216 to dismiss the action as against them approximately two years later. The Supreme Court denied the motion. We reverse.

The certification order dated September 15, 1993, constituted a valid 90-day notice pursuant to CPLR 3216 (*see, Longacre Corp. v Better Hosp. Equip. Corp.*, 228 AD2d 653; *see generally, Chase v Scavuzzo*, 87 NY2d 228, 230; *cf., Ameropan Realty Corp. v Rangeley Lakes Corp.*, 222 AD2d 631), requiring the plaintiff either to comply with the notice or to request an extension of time within which to do so pursuant to CPLR 2004 prior to the default date (*see, Arenas v County of Nassau*, 232 AD2d 514; *Turman v Amity OBG Assocs.*, 170 AD2d 668; *Carte*

*v Segall,* 134 AD2d 397). Having failed to pursue either option, the plaintiff could avoid dismissal only by establishing a reasonable excuse for her noncompliance and a meritorious cause of action (*see,* CPLR 3216 [e]). Inasmuch as the papers submitted on behalf of the plaintiff were woefully inadequate to discharge this burden, the appellants' motion should have been granted (*see, Longacre Corp. v Better Hosp. Equip. Corp., supra; Spierto v Pennisi,* 223 AD2d 537; *Papadopoulas v R.B. Supply Corp.,* 152 AD2d 552; *Kwiatkowska v Aramburu,* 133 AD2d 810; *Ellis v Urs,* 121 AD2d 361).

The plaintiff's additional contentions are without merit. Sullivan, J. P., Joy, Friedmann and Florio, JJ., concur.