■ CHRIS POLLUCCI, Appellant, v RAFAEL RIZZO, Also Known as RAFAEL RIZO, Defendant, and ALLSTATE INSURANCE COMPANY, Respondent. [690 NYS2d 667] —In an action to recover

damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Levitt, J.), entered June 3, 1998, which, *inter alia*, granted the cross motion of the defendant Allstate Insurance Company to dismiss the complaint pursuant to CPLR 3216 for failure to prosecute.

Ordered that the order is affirmed, with costs.

On November 14, 1996, the Supreme Court issued an order which, *inter alia*, stated that counsel for the plaintiff and the defendant Allstate Insurance Company certified that all discovery and pretrial motions were complete. The order *sua sponte* directed the plaintiff to serve and file a notice of issue within 90 days. The order stated that "[f]ailure to comply within 90 days may serve as a basis for dismissal pursuant to CPLR 3216". Under these circumstances, the order had the same effect as a 90-day notice (*see, Longacre Corp. v Better Hosp. Equip. Corp.*, 228 AD2d 653).

In order to avoid a default under a 90-day notice, a plaintiff must comply either by timely filing a note of issue or by moving, before the default date, to vacate the demand or to extend the 90-day period (*Micalizzi v Gomes*, 239 AD2d 395; *Papadopoulas v R.B. Supply Corp.*, 152 AD2d 552). Having failed to do so, the plaintiff, to avoid the sanction of dismissal, was required to demonstrate a justifiable excuse for the delay in properly responding to the demand and to demonstrate that he had a meritorious cause of action (*see, Papadopoulas v R.B. Supply Corp., supra*). The plaintiff failed to discharge his burden. Bracken, J. P., Thompson, Goldstein, McGinity and Schmidt, JJ., concur.