JOSEPH T. DOYLE, Individually and as Administrator of the Estate of JOSEPH A. DOYLE, Deceased, Respondent, v SOUTH NASSAU COMMUNITIES HOSPITAL et al., Appellants, et al., Defendants. [704 NYS2d 859] —In an action to recover damages for medical malpractice and wrongful death, the defendant South Nassau Communities Hospital appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Alpert, J.), dated February 22, 1999, as denied its cross motion pursuant to CPLR 3216 to dismiss the action insofar as asserted against it for failure to prosecute, and the defendant Inna Gabay separately appeals from the same order.

Ordered that the appeal of Inna Gabay is dismissed as abandoned; and it is further,

Ordered that the order is reversed insofar as appealed from by the defendant South Nassau Communities Hospital, on the law, the cross motion is granted, the complaint is dismissed insofar as asserted against the defendant South Nassau Communities Hospital, and the action is severed against the remaining defendants; and it is further,

Ordered that South Nassau Communities Hospital is awarded one bill of costs payable by the plaintiff.

The Supreme Court's certification order dated July 10, 1997, constituted a valid 90-day notice pursuant to CPLR 3216 (*see, Safina v Queens-Long Is. Med. Group,* 238 AD2d 395; *Longacre Corp. v Better Hosp. Equip. Corp.,* 228 AD2d 653), requiring the plaintiffs either to comply or request an extension of time within which to comply before the default date. Having failed to pursue either option, the plaintiffs could avoid dismissal only by establishing a reasonable excuse for the noncompliance and a meritorious cause of action (*see, Safina v Queens-Long Is. Med. Group, supra; Longacre Corp. v Better Hosp. Equip. Corp., supra*). Inasmuch as the plaintiffs did not meet this burden, the appellant's cross motion should have been granted (*see, Safina v Queens-Long Is. Med. Group, supra; Longacre Corp. v Better Hosp. Equip. Corp., supra*). Bracken, J. P., Joy, Thompson and Goldstein, JJ., concur.