■ TRUST COMPANY OF NEW JERSEY, Appellant, v SOL GENSER et al., Respondents, LINDA PELEGRINO-MCCARTHY, Defendant and Third-Party Plaintiff-Respondent, et al., Defendants. GOLDSTEIN, AXELROD & DiGIOIA, Third-Party Defendant-Respondent. [705 NYS2d 405] —In an action, *inter alia,* to quiet title to certain commercial real property, the plaintiff appeals from an order of the Supreme Court, Nassau County (McCarty, J.), dated January 28, 1999, which denied its motion for partial summary judgment on its cause of action asserted against the defendant Sol Genser and granted the respective cross motions of the defendants Phillips Nizer Benjamin Krim & Ballon, L. L. P., Herbert Kahn, Howard H. Stein, and Linda Pelegrino-McCarthy, and the third-party defendant Goldstein, Axelrod & DiGioia, to dismiss the complaint insofar as asserted against them pursuant to CPLR 3216 for failure to prosecute.

Ordered that the order is modified, on the law, by adding thereto a provision, that upon searching the record, summary judgment is granted to the defendant Sol Genser dismissing the complaint insofar as asserted against him; as so modified, the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs, the complaint insofar as asserted against Sol Genser is dismissed, and the matter is remitted to the Supreme Court, Nassau County, for resolution of the counterclaim asserted by Sol Genser, and the action against the remaining defendants is severed.

In 1982 the defendant Sol Genser leased a parcel of real property in Levittown from its owners, the defendants Ralph McNamara and MacPeg O'Connell Realty, Inc. The lease contained an option for Genser to purchase the property for $121,000 during the leasehold and was recorded on May 24,

1982. Genser paid $120,000 toward the option to purchase. In apparent ignorance of Genser's interest, on May 26, 1988, the plaintiff bought the parcel at a foreclosure sale for $655,250. On June 29, 1989, Genser wrote to the plaintiff to exercise his option.

In 1991 the plaintiff sued (a) Genser, seeking a declaration that the option was invalid, (b) Ralph McNamara, MacPeg O'Connell Realty, Inc., and their lawyer, Linda Pellegrino-McCarthy, for not disclosing Genser's option, and (c) a succession of lawyers and law firms that had represented the plaintiff before and during the purchase of the property, for not advising it of Genser's interest therein. Genser counterclaimed for money damages representing his loss of the beneficial ownership of the parcel since June 1989.

At a status conference on May 6, 1997, the court directed the plaintiff to file a note of issue within 90 days or risk dismissal of its complaint. The plaintiff did not file the note of issue. In 1997 and early 1998, the plaintiff offered to convey the parcel to Genser for $1,000 provided that he discontinue his counterclaim against it, but Genser refused, and filed a note of issue demanding a nonjury trial of his counterclaim.

The plaintiff moved for partial summary judgment against Genser, arguing that the option was invalid because it was not timely exercised. The defendants Phillips, Nizer, Benjamin, Krim & Ballon, L. L. P., Herbert Kahn, Howard H. Stein, and Linda Pelegrino-McCarthy, and the third-party defendant Goldstein, Axelrod & DiGioia, cross-moved to dismiss the complaint based on the plaintiff's failure to file a note of issue. The court denied the plaintiff's motion, and granted the cross motions to dismiss because the plaintiff, alleging only "law office failure", did not offer a valid excuse for not filing the note of issue.

The Supreme Court properly dismissed the complaint insofar as asserted against all the respondents except Genser for failure to prosecute. The plaintiff failed to serve and file a note of issue at any time after being directed to do so in May 1997 (*see, e.g., Seletsky v St. Francis Hosp.,* 263 AD2d 452; *Pollucci v Rizzo,* 261 AD2d 594; *Safina v Queens-Long Is. Med. Group,* 238 AD2d 395; *Longacre Corp. v Better Hosp. Equip. Corp.,* 228 AD2d 653; CPLR 3216). Contrary to the plaintiff's contention, it was not relieved from complying with the court's directive when Genser filed a note of issue on his counterclaim, since the respondents were entitled to know that the plaintiff was proceeding with *its* case against *them*.

The order dated May 6, 1997, issued after the status confer-

ence, constituted a valid 90-day notice pursuant to CPLR 3216 (*see, Safina v Queens-Long Is. Med. Group, supra*), requiring the plaintiff either to comply or request an extension of time within which to comply before the default date. Having failed to pursue either option, the plaintiff could avoid dismissal only by establishing a reasonable excuse for the noncompliance and a meritorious cause of action (*see, e.g., Pollucci v Rizzo, supra*). Here, the plaintiff failed to offer a reasonable excuse for its noncompliance (*see, e.g., Miranda v Town of Blooming Grove,* 254 AD2d 397; *Jimenez v Gamboa,* 240 AD2d 470; *Safina v Queens-Long Is. Med. Group, supra; Longacre Corp. v Better Hosp. Equip. Corp., supra*).

The plaintiff's motion for partial summary judgment against Genser was properly denied. The plaintiff failed to establish a prima facie case entitling it to judgment as a matter of law.

In is undisputed that the lease which contained Genser's option to purchase was filed with the County Clerk of Nassau County. The plaintiff refused since 1989 to honor Genser's request to exercise his option without articulating any valid legal reason for its refusal. A purchaser of an interest in land "has no cause for complaint * * * when its interest is upset as a result of a prior claim against the land the existence of which was apparent on the face of the public record at the time it purchased" (*Andy Assocs. v Bankers Trust Co.,* 49 NY2d 13, 20; *see also, Doyle v Lazarro,* 33 AD2d 142, *affd* 33 NY2d 981; *cf., Pallone v New York Tel. Co.,* 34 AD2d 1091, *affd* 30 NY2d 865). Under the circumstances, it is appropriate to search the record and grant summary judgment to Genser dismissing the complaint insofar as asserted against him (*see, Dunham v Hilco Constr. Co.,* 89 NY2d 425), and the matter is remitted to the Supreme Court, Nassau County, for resolution of Genser's counterclaim.

The plaintiff's remaining contentions are without merit. Bracken, J. P., Ritter, Santucci and S. Miller, JJ., concur.