■ DONALD MANGIERI et al., Appellants, v CAESAR J. PALOTTA et al., Respondents. [714 NYS2d 685] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (DiBlasi, J.), dated June 29, 1999, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, without costs or disbursements.

In opposition to the prima facie demonstration of entitlement to judgment as a matter of law made by the defendants, a snow-plowing company and its principal, the plaintiffs failed to raise a triable issue of fact. The defendants owed no duty to the plaintiffs, and the assertions that the defendants had notice of the allegedly dangerous condition, or created or exacerbated it, do not provide a basis for liability in this case (see, *Bugiada v Iko*, 274 AD2d 368; *Pavlovich v Wade Assocs.*, 274 AD2d 382; cf., *Mangieri v Prime Hospitality Group*, 251 AD2d 632).

The appellants' remaining contentions are without merit. Mangano, P. J., S. Miller, Friedmann and Feuerstein, JJ., concur.

■ RAMON MEJIA et al., Respondents, v CONSTITUTION NAVARRO, Appellant. [714 NYS2d 686] —In an action to recover damages for personal injuries, etc., the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Golia, J.), dated September 7, 1999, as denied that branch of her motion which was for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the branch of the motion which is for summary judgment is granted, and the complaint is dismissed.

In opposition to the defendant's prima facie demonstration of entitlement to judgment as a matter of law, the plaintiffs failed to raise a triable issue of fact that the defendant created or increased an existing hazard by negligently removing snow and ice that had accumulated on the sidewalk (see, *Blum v City of New York*, 267 AD2d 341; *Faiz v City of New York*, 254 AD2d 322). Accordingly, the defendant's motion for summary judgment should have been granted. Ritter, J. P., Thompson, Friedmann, H. Miller and Feuerstein, JJ., concur.