■ ANN WERBIN, Appellant, v GARY LOCICERO et al., Respondents. [732 NYS2d 37] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (O'Connell, J.), dated October 17, 2000, which granted the defendants' motion to dismiss the complaint pursuant to CPLR 3216 for failure to prosecute.

Ordered that the order is affirmed, with costs.

In a certification order dated October 29, 1999, counsel for the plaintiff and the defendants certified that all discovery and pretrial motions were complete, and the Supreme Court, *sua sponte,* directed the plaintiff to serve and file a note of issue within 90 days. The order specified that a failure to comply "may serve as a basis for dismissal pursuant to CPLR 3216." Counsel for both the plaintiff and the defendants signed the order. Under these circumstances, the certification order had the same effect as a duly served 90-day notice (*see, Doyle v South Nassau Communities Hosp.,* 270 AD2d 225; *Safina v Queens-Long Is. Med. Group,* 238 AD2d 395; *Longacre Corp. v Better Hosp. Equip. Corp.,* 228 AD2d 653).

After the plaintiff failed to comply with this order by either timely filing a note of issue or moving to extend the 90-day pe-

riod (*see, Flomenhaft v Baron,* 281 AD2d 289; *Trust Co. v Genser,* 271 AD2d 524; *Seletsky v St. Francis Hosp.,* 263 AD2d 452), the defendants moved to dismiss the complaint. To avoid dismissal, the plaintiff was required to show a justifiable excuse for the delay and a good and meritorious cause of action (*see,* CPLR 3216 [e]). The conclusory and unsubstantiated assertion of law office failure made by the plaintiff's attorney was insufficient to excuse the nine-month delay in complying with the 90-day notice (*see, Gourdet v Hershfeld,* 277 AD2d 422; *Gray v Gray,* 266 AD2d 261; *Eretz Funding v Shalosh Assocs.,* 266 AD2d 184; *Rudy v Chasky,* 260 AD2d 625). Furthermore, the plaintiff failed to demonstrate that the defendants were negligent in the happening of this accident (*see, Mejia v Navarro,* 276 AD2d 535; *Alexis v Lessey,* 275 AD2d 754; *Lakhan v Singh,* 269 AD2d 427; *Tosov v C&B Venture Corp.,* 261 AD2d 535; *Verdino v Alexandrou,* 253 AD2d 553). Accordingly, the Supreme Court properly granted the defendants' motion to dismiss the complaint. Bracken, P. J., Krausman, Luciano, Smith and Adams, JJ., concur.