■ JOHN VENTO et al., Appellants, v BARGAIN BILGE WEST, INC., et al., Respondents. [739 NYS2d 600] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Nassau County (Lockman, J.), entered June 16, 1999, which upon, inter alia, an order of the same court, dated February 5, 1999, directing the plaintiffs to serve and file a note of issue within 90 days,

directed that the action be dismissed pursuant to CPLR 3216, and (2) an order of the same court (Burke, J.), dated November 8, 2001, which denied their motion for leave to restore the action.

Ordered that on the Court's own motion, so much of the notice of appeal as purports to appeal as of right from the order entered June 16, 1999, is treated as an application for leave to appeal from that order, and leave to appeal is granted (*see,* CPLR 5701 [c]); and it is further,

Ordered that the orders are affirmed, with one bill of costs payable to the respondent Bargain Bilge West, Inc.

The certification order of February 5, 1999, constituted a valid 90-day notice pursuant to CPLR 3216 (*see Seletsky v St. Francis Hosp.,* 263 AD2d 452, 453; *Safina v Queens-Long Is. Med. Group,* 238 AD2d 395). Having been served with a 90-day notice, it was incumbent on the plaintiffs to either file a note of issue within 90 days or move pursuant to CPLR 2004 for an extension of time within which to comply (*see Longacre Corp. v Better Hosp. Equip. Corp.,* 228 AD2d 653, 654; *Papadopoulas v R.B. Supply Corp.,* 152 AD2d 552, 553). The plaintiffs did neither. Contrary to the plaintiffs' contention, there is no reliable evidence that they actually filed a note of issue within the 90 days. In addition, there is no evidence or contention that the plaintiffs moved for an extension of time to file a note of issue. Thus, there is no merit to the plaintiffs' contention that the order dated June 16, 1999, improperly directed that the action be dismissed. Accordingly, the plaintiffs could avoid dismissal only by establishing a reasonable excuse for noncompliance and a meritorious cause of action (*see Trust Co. of N.J. v Genser,* 271 AD2d 524, 526; *Pollucci v Rizzo,* 261 AD2d 594, 595). Since the plaintiffs failed to establish a reasonable excuse for failing to file the note of issue, the Supreme Cort properly denied their motion to restore the action. Santucci, J.P., Goldstein, Schmidt and Crane, JJ., concur.