■ PETER R. SHIPMAN, Appellant, v KATHLEEN SHIPMAN et al., Respondents. [739 NYS2d 848] —In an action for a divorce and ancillary relief, the plaintiff (1) purportedly appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Cozzens, J.), dated August 27, 1998, as directed him to file a note of issue within 90 days, and (2) appeals, as limited by his brief, from so much of an order of the same court (Skelos, J.), dated December 11, 2000, as granted the motion of the defendant Kathleen Shipman to dismiss the complaint for failure to file a note of issue and directed that he return money and files he retained in connection with the action.

Ordered that the purported appeal from the order dated August 27, 1998 is dismissed; and it is further,

Ordered that the order dated December 11, 2000 is affirmed insofar as appealed from; and it is further,

Ordered that the defendants are awarded one bill of costs.

The purported appeal from the order dated August 27, 1998 must be dismissed. By decision and order on motion of this Court dated December 14, 1999, a prior appeal by the plaintiff from the same order was dismissed for failure to perfect the appeal (*see Bray v Cox,* 38 NY2d 350).

The order dated August 27, 1998 constituted a valid 90-day notice pursuant to CPLR 3216 (*see Trust Co. of N.J. v Genser,* 271 AD2d 524, 525; *Seletsky v St. Francis Hosp.,* 263 AD2d 452; *Safina v Queens-Long Is. Med. Group,* 238 AD2d 395). Faced with a 90-day notice, the plaintiff could have complied or moved for an extension of time pursuant to CPLR 2004. The plaintiff did neither. Under these circumstances, the only way he could avoid dismissal of the complaint was by establishing a reasonable excuse for his noncompliance and a meritorious cause of action (*see Trust Co. of N.J. v Genser, supra; Seletsky v St. Francis Hosp., supra; Safina v Queens-Long Is. Med. Group, supra*). The plaintiff failed to offer a reasonable excuse for his delay. Accordingly, dismissal of the complaint was proper.

The plaintiff's remaining contentions are without merit. Santucci, J.P., Altman, Florio and Feuerstein, JJ., concur.