■ RENEE NOVACK, Appellant, v STEVEN MICHAELOFF et al., Respondents. [742 NYS2d 896] —In an action, inter alia, for an accounting, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Berler, J.), dated April 17, 2001, which denied her oral application to extend her time to file a note of issue, and granted the defendants' oral application to dismiss the complaint.

Ordered that on the Court's own motion, the notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

Having been served with a 90-day notice pursuant to CPLR 3216, the plaintiff was required either to file a note of issue or to move for an extension of time within which to comply pursuant to CPLR 2004 (see Longacre Corp. v Better Hosp. Equip. Corp., 228 AD2d 653, 654; Papadopoulas v R.B. Supply Corp., 152 AD2d 552, 553). Here, the plaintiff initially did request an extension and was given one by the Supreme Court, but was warned that no further extensions would be given. It is undisputed that the plaintiff did not file the note of issue within the time granted by the court. Thus, the plaintiff could avoid dismissal only by establishing a reasonable excuse for the noncompliance and a meritorious cause of action (see Trust Co. of N.J. v Genser, 271 AD2d 524, 526; Pollucci v Rizzo, 261 AD2d 594, 595). Having shown neither, the Supreme Court

properly dismissed the complaint. Prudenti, P.J., S. Miller, O'Brien, McGinity and Crane, JJ., concur.