(July 29, 2002)

■ Cecilia Aguilar, Appellant, v Robert A. Knutson, Respondent. [747 NYS2d 517] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Palmieri, J.), dated July 25, 2001, which granted the defendant's motion pursuant to CPLR 3216 to strike the note of issue and dismiss the complaint.

Ordered that the order is affirmed, with costs.

In a certification order dated April 5, 2000, the Supreme Court, sua sponte, directed the plaintiff to serve and file a note of issue within 90 days, and warned that the failure to comply may serve as a basis for dismissal pursuant to CPLR 3216. Counsel for both parties signed the order. This had the same effect as a valid 90-day notice pursuant to CPLR 3216 (*see Werbin v Locicero*, 287 AD2d 617; *Seletsky v St. Francis Hosp.*, 263 AD2d 452, 453; *Safina v Queens-Long Is. Med. Group*, 238 AD2d 395; *Longacre Corp. v Better Hosp. Equip. Corp.*, 228 AD2d 653). Thus, having received a 90-day notice, the plaintiff was required either to file a note of issue within 90 days or to move pursuant to CPLR 2004 prior to the default date for an extension of time within which to comply (*see Werbin v Locicero, supra*; *Pollucci v Rizzo*, 261 AD2d 594; *Safina v Queens-Long Is. Med. Group, supra*; *Scott v Columbia Mem. Hosp.*, 134 AD2d 792; *Salerno v Presbyterian Hosp. in City of N.Y. at Columbia Presbyt. Med. Ctr.*, 88 AD2d 637, 638). The plaintiff did neither.

To avoid dismissal upon the defendant's motion, the plaintiff was required to show a justifiable excuse for the delay and a meritorious cause of action (*see* CPLR 3216 [e]; *Werbin v Locicero, supra*; *Pollucci v Rizzo, supra*; *Papadopoulas v R.B. Supply Corp.*, 152 AD2d 552). Since the plaintiff failed to offer any excuse to justify the 14-month delay after the 90-day notice in

filing the note of issue, and she did not offer an affidavit of merit, the Supreme Court properly granted the defendant's motion. Prudenti, P.J., S. Miller, O'Brien, McGinity and Crane, JJ., concur.