■ MARIE WASHINGTON, Respondent, v STEPHEN G. GORRAY et al., Appellants, et al., Defendant. [753 NYS2d 751] —In an action to recover damages for legal malpractice, the defendants Stephen G. Gorray and Whiteman & Gorray appeal from an order of the Supreme Court, Nassau County (McCaffrey, J.), dated August 23, 2001, which denied their motion pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against them for failure to serve and file a note of issue, and granted the plaintiff's cross motion for leave to file a late note of issue.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the cross motion is denied, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendant is severed.

By order dated July 14, 2000, the Supreme Court stated, inter alia, that counsel for all parties certified that all discovery and pretrial motions were complete. The Supreme Court also, sua sponte, directed the plaintiff to serve and file a note of issue within 90 days, noting that "[f]ailure to comply within 90 days may serve as a basis for dismissal pursuant to CPLR 3216." The plaintiff failed either to timely file a note of issue or move pursuant to CPLR 2004 for an extension of time within which to comply.

Having failed to pursue either of the foregoing options, the plaintiff was obligated to demonstrate a reasonable excuse and a good and meritorious cause of action to avoid the sanction of dismissal (*see* CPLR 3216 [e]; *Longacre Corp. v Better Hosp. Equip. Corp.*, 228 AD2d 653; *Papadopoulas v R.B. Supply Corp.*, 152 AD2d 552, 553). The plaintiff failed to do so. The excuse proffered by the plaintiff's attorney, that he mistakenly treated the July 14, 2000, order containing the 90-day notice as a further discovery stipulation, in view of the clear and plain language of the order, is unreasonable, and does not rise to the level of law office failure. Therefore, it is unnecessary for us to consider the adequacy of the plaintiff's proffered demonstration of merit to the action. Santucci, J.P., Krausman, McGinity, Schmidt and Crane, JJ., concur.