■ Yi Pao Lu, Appellant, v John V. Scaduto, Respondent. [757 NYS2d 461] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Warshawsky, J.), dated April 30, 2002, which denied his motion to restore the action.

Ordered that the order is affirmed, with costs.

Contrary to the plaintiff's contention that a CPLR 3216 notice must always be served by certified or registered mail (*see Balancio v American Opt. Corp.,* 66 NY2d 750, 751 [1985]; *Beermont Corp. v Yager,* 34 AD2d 589 [1970]; *cf. Johnson v Minskoff & Sons,* 287 AD2d 233, 237 [2001]), the certification conference order of October 29, 1998, signed by both parties

constituted a valid 90-day notice pursuant to CPLR 3216 (*see Aguilar v Knutson,* 296 AD2d 562 [2002]; *Vento v Bargain Bilge W.,* 292 AD2d 596, 597 [2002]; *Safina v Queens-Long Is. Med. Group,* 238 AD2d 395 [1997]; *Longacre Corp. v Better Hosp. Equip. Corp.,* 228 AD2d 653, 654 [1996]). Having received a 90-day notice, the plaintiff was required either to file a note of issue within 90 days or to move pursuant to CPLR 2004 before the default date for an extension of time within which to comply (*see Aguilar v Knutson, supra*; *Werbin v Locicero,* 287 AD2d 617 [2001]). The plaintiff did neither. Accordingly, the plaintiff could avoid dismissal only by establishing a reasonable excuse for noncompliance and a meritorious cause of action (*see Aguilar v Knutson, supra*; *Vento v Bargain Bilge W., supra*; *Werbin v Locicero, supra*). Since the plaintiff failed to establish a reasonable excuse and a meritorious cause of action, the Supreme Court properly denied his motion to restore the action. Santucci, J.P., Krausman, McGinity, Schmidt and Crane, JJ., concur.