■ MARY APICELLA, Appellant, v ESTATE OF JERRY V. APICELLA et al., Defendants, and JOHN APICELLA et al., Respondents. [759 NYS2d 546] —In an action, inter alia, to recover damages for fraud, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Lally, J.), dated March 8, 2002, as granted that branch of the motion of the defendants John Apicella, Valerie Apicella, John Apicella, Jr., Lisa Apicella Jozef, and Kathryn Apicella which was pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against them for failure to prosecute.

Ordered that the order is affirmed insofar as appealed from, with costs.

In a certification order dated July 10, 2001, the Supreme Court, Nassau County, sua sponte, directed the plaintiff to serve and file a note of issue within 90 days and stated that failure to comply may serve as a basis for dismissal pursuant to CPLR 3216. Counsel for all parties signed the order. This certification order constituted a valid 90-day notice pursuant to CPLR 3216 (*see Aguilar v Knutson,* 296 AD2d 562 [2002]; *Werbin v Locicero,* 287 AD2d 617 [2001]; *Pollucci v Rizzo,* 261 AD2d 594, 595 [1999]; *Longacre Corp. v Better Hosp. Equip. Corp.,* 228 AD2d 653, 654 [1996]). Thus, having received a 90-day notice, the plaintiff was required either to timely file a note of issue or move, before the default date, to vacate the notice or to extend the 90-day period (*see Aguilar v Knutson, supra; Vento v Bargain Bilge W.,* 292 AD2d 596, 597 [2002]; *Pollucci v Rizzo, supra*).

After the plaintiff failed to comply with the Supreme Court's order, the defendants John Apicella, Valerie Apicella, John Apicella, Jr., Lisa Apicella Jozef, and Kathryn Apicella moved to dismiss the complaint for failure to prosecute. In order to avoid dismissal upon the motion, the plaintiff was required to demonstrate a justifiable excuse for the delay and a good and meritorious cause of action (*see* CPLR 3216 [e]; *Werbin v Locicero, supra* at 618; *Cangemi v Cassidy,* 267 AD2d 344 [1999]; *Longacre Corp. v Better Hosp. Equip. Corp., supra*). Since the plaintiff failed to meet this burden, the Supreme Court properly granted the motion. Feuerstein, J.P., S. Miller, McGinity and Crane, JJ., concur.