. ■ JOSEPHINE E. SUSTAD et al., Appellants, v NICHOLAS KARAGIANNIS et al., Respondents. [759 NYS2d 690] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Lally, J.), dated August 1, 2002, as denied their cross motion to vacate the dismissal of the action pursuant to CPLR 3216 for failure to prosecute.

Ordered that the order is affirmed insofar as appealed from, with costs.

The certification order of November 13, 2000, constituted a valid 90-day notice pursuant to CPLR 3216 (*see Aguilar v Knutson,* 296 AD2d 562 [2002]; *Vento v Bargain Bilge W.,* 292 AD2d 596 [2002]; *Longacre Corp. v Better Hosp. Equip. Corp.,* 228 AD2d 653 [1996]). Having received a 90-day notice, the plaintiffs were required either to file a note of issue within 90 days or to move pursuant to CPLR 2004 before the default date for an extension of time within which to comply (*see Aguilar v Knutson, supra; Werbin v Locicero,* 287 AD2d 617 [2001]). The plaintiffs did neither. Accordingly, the plaintiffs could vacate the dismissal only by establishing a reasonable excuse for noncompliance and a meritorious cause of action (*see Aguilar v Knutson, supra; Vento v Bargain Bilge W., supra; Werbin v Locicero, supra*). We agree with the Supreme Court that the plaintiffs failed to establish a reasonable excuse. Thus, the Supreme Court properly denied the plaintiffs' cross motion. Santucci, J.P., Smith, Luciano and Mastro, JJ., concur.