■ Yoselin Rijo, an Infant, by Her Mother and Natural Guardian, Bibiana Urena, et al., Appellants, v Michael J. McLaughlin, M.D., et al., Defendants, and Jeffrey A. Ascherman, M.D., et al., Respondents. [766 NYS2d 550] —Order, Supreme Court, Bronx County (Douglas McKeon, J.), entered October 17, 2002, which, inter alia, denied plaintiffs' motion to vacate the dismissal of their action, unanimously affirmed, without costs.

Over three years after commencement of this medical malpractice action, plaintiffs' counsel was served, by the court on its own initiative, with a written 90-day notice to resume prosecution by filing a note of issue. It is conceded that counsel acknowledged receipt of the 90-day notice by signing the notice in open court. Accordingly, plaintiffs were required either to file a note of issue within 90 days or to move pursuant to CPLR 2004 before the default date for an extension of time within which to comply (*see Lu v Scaduto*, 303 AD2d 750 [2003]), neither of which was done. Ninety days after personal service of the notice upon plaintiffs' counsel, the matter was dismissed after plaintiffs failed to appear at a compliance conference. Over six months later, plaintiffs brought the instant motion seeking vacatur of the action's dismissal. This relief was properly denied notwithstanding the court's failure to serve the notice by registered or certified mail, as required by CPLR 3216 (b) (3). As we have previously held, the legislative intent underlying CPLR 3216 (b) (3) is satisfied where, as here, a plaintiff concedes receipt of the notice (*see Johnson v Sam Minskoff & Sons*, 287 AD2d 233, 237 [2001]). Where receipt of

the notice to resume prosecution is not at issue, nonconforming mailing amounts to "no more than a procedural irregularity" and poses no jurisdictional obstacle to dismissal for failure to prosecute (*Cecere v Peters*, 270 AD2d 49, 50 [2000]). No reasonable excuse for noncompliance with the 90-day notice or sufficient demonstration of the action's merit having been made, the motion was properly denied (CPLR 3216 [e]; *Lu v Scaduto, supra*; *Baranello v Westchester Sq. Med. Ctr.*, 282 AD2d 259 [2001]).

We have considered plaintiffs' remaining contentions and find them unavailing. Concur—Tom, J.P., Andrias, Saxe and Williams, JJ.