In an action to recover damages for wrongful death, the plaintiff appeals from an order of the Supreme Court, Nassau County (Lally, J.), dated October 1, 2002, which denied its motion to vacate its default in failing to timely file a note of issue in response to a CPLR 3216 demand, and directed that the complaint be dismissed.
Ordered that the order is affirmed, with costs.
It is well settled that upon receipt of a defendant’s 90-day notice pursuant to CPLR 3216, a plaintiff is required either to file a note of issue within 90 days or move before the default date for an extension of time within which to comply (see Aguilar v Knutson, 296 AD2d 562 [2002]; Werbin v Locicero, 287 AD2d 617 [2001]; Cohen v Silverman, 281 AD2d 445 [2001]). It is also well settled that a certification order from the court directing the plaintiff to serve and file a note of issue within 90 days and warning that failure to comply may serve as the basis for dismissal pursuant to CPLR 3216, as was the situation in this case, has the same effect as a valid 90-day notice pursuant to CPLR 3216 (see Aguilar v Knutson, supra; Vento v Bargain Bilge W., 292 AD2d 596 [2002]; Longacre Corp. v Better Hosp. Equip. Corp., 228 AD2d 653 [1996]).
It is undisputed that the plaintiff did not file a note of issue or move for an extension of time within the 90-day period. Thus, to avoid dismissal of the action, the plaintiff was required to show a justifiable excuse for the delay and a meritorious cause of action (see CPLR 3216 [3]; Aguilar v Knutson, supra; Werbin v Locicero, supra). However, the plaintiff failed to make the requisite showing. Accordingly, the Supreme Court properly *475 denied the plaintiff’s motion and dismissed the complaint. Florio, J.E, Krausman, Luciano, Townes and Rivera, JJ., concur.