■ GHAZI BOKHARI, Appellant, v HOME DEPOT U.S.A., INC., et al., Respondents. [771 NYS2d 395]—

In an action, inter alia, to recover damages for false arrest and false imprisonment, the plaintiff appeals from so much of an order of the Supreme Court, Queens County (Schulman, J.), dated November 18, 2002, as denied his motion, in effect, to vacate the dismissal of the action.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The demand pursuant to CPLR 3216 attached to the compliance conference order dated March 28, 2000, and signed by counsel for all parties, constituted a valid 90-day notice pursuant to CPLR 3216 (see Apicella v Estate of Apicella, 305 AD2d 621 [2003], lv denied 100 NY2d 513 [2003]; Aguilar v Knutson, 296 AD2d 562 [2002]; Flomenhaft v Baron, 281 AD2d 389 [2001]). Contrary to the plaintiff's contention, failure to serve a CPLR 3216 90-day notice by certified or registered mail is a

procedural irregularity, and, absent a showing of prejudice to a substantial right of the plaintiff, should not result in vacating a dismissal of the action (see Balancio v American Opt. Corp., 66 NY2d 750, 751 [1985]; Yi Pao Lu v Scaduto, 303 AD2d 750 [2003]). Here, having received a 90-day notice, the plaintiff was required either to timely file a note of issue or to move, before the default date, to vacate the notice or to extend the 90-day period (see Apicella v Estate of Apicella, supra; Yi Pao Lu v Scaduto, supra; Aguilar v Knutson, supra).

After the plaintiff failed to comply with the demand, the Supreme Court, on its own initiative, dismissed the complaint pursuant to CPLR 3216 on January 19, 2001. Over a year later, the plaintiff moved, in effect, to vacate the dismissal, and was required to establish a reasonable excuse for noncompliance with the demand and a meritorious cause of action (see Sustad v Karagiannis, 305 AD2d 664 [2003]; Vento v Bargain Bilge W., 292 AD2d 596 [2002]; Werbin v Locicero, 287 AD2d 617 [2001]). Since the plaintiff failed to establish a reasonable excuse, the court properly denied his motion, in effect, to vacate the dismissal. Prudenti, P.J., H. Miller, Schmidt and Cozier, JJ., concur.