◼ AIDA E. FRAGA, Appellant, v SMITHAVEN OPEN MRI et al., Respondents. [774 NYS2d 415]—

In an action to recover damages for unfair competition, the plaintiff appeals from an order of the Supreme Court, Nassau County (DeMaro, J.), dated January 13, 2003, which denied her motion to deem a note of issue filed on July 26, 2001, to have been timely filed and to restore the action to the trial calendar.

Ordered that the order is affirmed, with costs.

The certification order dated April 18, 2000, which directed the plaintiff to serve and file a note of issue within 90 days pursuant to CPLR 3216, and which was signed by counsel for all parties, constituted a valid 90-day notice pursuant to CPLR 3216 (*see Bokhari v Home Depot U.S.A.*, 4 AD3d 381 [2004]; *Apicella v Estate of Apicella*, 305 AD2d 621 [2003], *lv denied* 100 NY2d 513 [2003]; *Aguilar v Knutson*, 296 AD2d 562 [2002]). Thus, having received a 90-day notice, the plaintiff was required either to timely file a note of issue or move, before the default date, to vacate the notice or to extend the 90-day period (*see Aguilar v Knutson, supra; Vento v Bargain Bilge W.*, 292 AD2d 596, 597 [2002]; *Raffa v Cook*, 289 AD2d 385 [2001]).

More than two years after the default date, the plaintiff moved to deem a note of issue filed on July 26, 2001, to have been timely filed and to restore the action to the trial calendar. The plaintiff was required to demonstrate a justifiable excuse

for the delay in properly responding to the 90-day notice and a meritorious cause of action (*see Washington v Gorray,* 302 AD2d 454 [2003], *lv denied* 1 NY3d 502 [2003]; *Chong Suk Rose v Heil Trailer Intl.,* 284 AD2d 445 [2001]; *Tietz v Blatt,* 280 AD2d 469 [2001]). The plaintiff failed to do either (*see Allied Maintenance Corp. v Allied Mech. Trades,* 42 NY2d 538 [1977]; *V.S. Distribs. v Emkay Trading Corp.,* 1 AD3d 350 [2003]; *Camelot Assoc. Corp. v Camelot Design & Dev.,* 298 AD2d 799 [2002]; *Sample, Inc. v Porrath,* 41 AD2d 118, 122 [1973], *affd* 33 NY2d 961 [1974]). Altman, J.P., Krausman, Goldstein and Mastro, JJ., concur.