■ ANTHONY VIVACQUA et al., Respondents, v HASAN YILDIRIM et al., Defendants, and PIERRE F. DORISMOND, Appellant. [774 NYS2d 390]—

In an action to recover damages for personal injuries, etc., the defendant Pierre F. Dorismond appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Dye, J.), dated July 17, 2003, as, in effect, denied his motion pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against him for failure to prosecute and granted the plaintiffs' cross motion for an extension of time within which to file a note of issue.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the cross motion is denied, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

On or about November 16, 2000, the appellant served upon the plaintiffs a 90-day notice requesting that they file a note of issue on or before February 23, 2001. Having received the notice, the plaintiffs were required either to file a note of issue within 90 days or to move pursuant to CPLR 2004 prior to the default date for an extension of time within which to comply (*see Aguilar v Knutson,* 296 AD2d 562 [2002]). The plaintiffs did neither.

Therefore, to avoid dismissal upon the appellant's motion, the plaintiffs were required to show a justifiable excuse for the delay and a meritorious cause of action (*see* CPLR 3216 [e]; *Papadopoulas v R.B. Supply Corp.,* 152 AD2d 552, 553 [1989]). They failed to make such a showing. Therefore, the complaint should have been dismissed insofar as asserted against the appellant. Ritter, J.P., S. Miller, Townes, Crane and Rivera, JJ., concur.