■ MARK SAPIR et al., Appellants, v KRAUSE, INC., et al., Respondents. [777 NYS2d 766]—

In an action, inter alia, to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Davis, J.), entered July 15, 2003, which denied their motion, in effect, to vacate the dismissal of the action pursuant to CPLR 3216 and for leave to file a note of issue.

Ordered that the order is affirmed, with costs.

In a certification conference order entered March 26, 1998, the Supreme Court directed the plaintiffs to serve and file a note of issue within 90 days, and warned that the failure to comply may serve as a basis for dismissal pursuant to CPLR 3216. Counsel for both parties signed the order. This had the same effect as a valid 90-day notice pursuant to CPLR 3216 (*see Apicella v Estate of Apicella,* 305 AD2d 621 [2003]; *Aguilar v Knutson,* 296 AD2d 562 [2002]; *Werbin v Locicero,* 287 AD2d 617 [2001]). Thus, having received a 90-day notice, the plaintiffs were required either to file a note of issue within 90 days or to move pursuant to CPLR 2004 before the default date for an extension of time within which to comply (*see Apicella v Estate of Apicella, supra; Aguilar v Knutson, supra; Werbin v Locicero, supra*). The plaintiffs did neither, and the action was subsequently dismissed pursuant to CPLR 3216.

A case dismissed pursuant to CPLR 3216 may be restored

only if the plaintiff can demonstrate both a reasonable excuse for the default in complying with the 90-day notice and that a meritorious action exists (*see Lopez v Imperial Delivery Serv.,* 282 AD2d 190, 197 [2001]). The plaintiffs failed to offer a reasonable excuse to justify their lengthy delay after the 90-day notice in moving for leave to file a note of issue (*cf. Conklin v Physician's Hosp.,* 237 AD2d 401 [1997]). Accordingly, their motion was properly denied. Smith, J.P., Goldstein, Adams, Rivera and Lifson, JJ., concur.