■ CARLOS SANTIAGO, Respondent, v GRENADIER REALTY CORP. et al., Appellants. (And a Third-Party Action.) [786 NYS2d 360]—

In an action, inter alia, to recover damages for wrongful death, the defendants appeal from an order of the Supreme Court, Kings County (F. Rivera, J.), dated November 20, 2003, which denied their motion pursuant to CPLR 3216 to dismiss the complaint for failure to prosecute.

Ordered that the order is affirmed, with costs.

On April 10, 2003, the defendants served the plaintiff with a 90-day notice pursuant to CPLR 3216. The plaintiff did not comply with the notice by filing a note of issue or by moving, before the default date, either to vacate the notice or extend the 90-day period (*see Davis v Goodsell,* 6 AD3d 382, 384 [2004]; *Bokhari v Home Depot U.S.A.,* 4 AD3d 381 [2004]; *McKinney v Corby,* 295 AD2d 580, 581 [2002]; *Micalizzi v Gomes,* 239 AD2d 395 [1997]). The defendants moved to dismiss the complaint for failure to prosecute. To avoid dismissal, the plaintiff was required to demonstrate a justifiable excuse for the delay in properly responding to the 90-day notice and a meritorious cause of action (*see* CPLR 105 [u]; 3216 [e]; *Werbin v Locicero,*

287 AD2d 617, 618 [2001]; *Matter of Simmons v McSimmons, Inc.,* 261 AD2d 547, 548 [1999]; *Markarian v Hundert,* 204 AD2d 697, 697-698 [1994]). The plaintiff made that showing. Accordingly, the Supreme Court providently exercised its discretion in denying the defendants' motion. Florio, J.P., Goldstein, Adams, Rivera and Spolzino, JJ., concur.