■ MILDRED SANCHEZ et al., Appellants, v JORGE SERJE, Respondent. [792 NYS2d 868]—

In an action, inter alia, to recover damages for medical malpractice, the plaintiffs appeal from an order of the Supreme Court, Kings County (Patterson, J.), dated March 11, 2004, which granted the defendant's motion pursuant to CPLR 3216 (b) to dismiss the complaint.

Ordered that the order is reversed, on the facts and as a matter of discretion, with costs, the motion is denied, and the complaint is reinstated.

The Supreme Court granted the defendant's motion pursuant to CPLR 3216 (b) to dismiss the complaint based upon the plaintiffs' failure to comply with a 90-day demand to file a note of issue (*see* CPLR 3216 [b]). However, even though the plaintiffs did not comply with the notice by filing a note of issue or by moving, before the default date, either to vacate the notice or to extend the 90-day period (*see Davis v Goodsell,* 6 AD3d 382, 384 [2004]; *Bokhari v Home Depot U.S.A.,* 4 AD3d 381 [2004]; *McKinney v Corby,* 295 AD2d 580, 581 [2002]; *Micalizzi v Gomes,* 239 AD2d 395 [1997]), in light of the strong policy favoring disposition of actions on the merits, and the fact that the plaintiffs demonstrated a justifiable excuse for the delay in properly responding to the 90-day notice and a meritorious cause of action, the Supreme Court improvidently exercised its discretion in granting the motion to dismiss the complaint (*see* CPLR 3216 [e]; *Santiago v Grenadier Realty Corp.,* 13 AD3d 606 [2004]; *Matter of Simmons v McSimmons, Inc.,* 261 AD2d 547, 548 [1999]; *Havens v Flushing Hosp. Med. Ctr.,* 239 AD2d 466 [1997]; *Przyjemski v Surowaniec,* 221 AD2d 326 [1995]). Prudenti, P.J., Schmidt, Santucci, Luciano and Spolzino, JJ., concur.