■ BRUCE S. REZNICK et al., Respondents, v ZURICH NORTH AMERICA SPECIALTIES et al., Appellants. [847 NYS2d 99]—

In an action for a judgment declaring that the defendants are obligated to defend and indemnify the plaintiffs in an underlying legal malpractice action entitled *Sapir v Reznick,* pending in the Supreme Court, Nassau County, under index No. 1324/04, the defendants appeal from an order of the Supreme Court, Kings County (Schmidt, J.), dated December 19, 2006, which denied their motion for summary judgment declaring that they are not obligated to so defend or indemnify the plaintiffs.

Ordered that the order is reversed, on the law, with costs, the defendants' motion for summary judgment is granted, and the matter is remitted for the entry of a judgment declaring that the defendants are not obligated to defend or indemnify the plaintiffs in the underlying legal malpractice action entitled *Sapir v Reznick,* pending in the Supreme Court, Nassau County, under index No. 1324/04.

At all relevant times, the plaintiffs were insured for professional malpractice under a policy issued by the defendants. One condition precedent to coverage was a timely notice of claim. The plaintiffs commenced this action to challenge a disclaimer of coverage by the defendants based on a failure of that condition precedent, and for a judgment declaring that the defendants are obligated to defend and indemnify them in an underlying legal malpractice action entitled *Sapir v Reznick,* pending in the Supreme Court, Nassau County, under index No. 1324/04. The Supreme Court should have granted the defendants' motion for summary judgment declaring that they are not obligated to defend or indemnify the plaintiffs in the underlying legal malpractice action.

In 1995 the plaintiffs were retained by Mark Sapir and Zoya

Sapir to prosecute a personal injury action on their behalf (hereinafter the *Sapir* action). In 1998 the plaintiffs were directed to file a note of issue within 90 days or the action could be dismissed pursuant to CPLR 3216. The plaintiffs never filed a note of issue nor sought an extension of time within which to do so. Consequently, in January 1999, the action was dismissed. In May 2003 the plaintiffs moved to vacate that default and to restore the *Sapir* action to the trial calendar. The plaintiffs averred that they had been prevented from serving and filing a note of issue by a stay issued in a bankruptcy proceeding filed by one of the defendants in the *Sapir* action. However, in opposition to the motion, it was revealed that, in fact, the bankruptcy proceeding was not filed until June 2000, more than two years after the order directing the service and filing of a note of issue, and approximately a year and a half after the *Sapir* action had been dismissed. In July 2003 the Supreme Court denied the plaintiffs' motion to vacate the default and to restore the *Sapir* action to the calendar. In June 2004 that denial was affirmed by this Court on appeal (*see Sapir v Krause, Inc.*, 8 AD3d 356 [2004]). Shortly thereafter, the plaintiffs first provided notice to the defendants of a potential legal malpractice claim against them. The defendants disclaimed coverage based on the plaintiffs' failure to have provided timely notice. The defendants contended that the plaintiffs were or should have been aware of a potential malpractice claim no later than July 2003, when their motion to vacate the default in serving and filing a note of issue in the *Sapir* action and to restore the case to the calendar was denied, and that the notice provided a year later was untimely. The plaintiffs thereafter commenced this action.

In support of their motion for summary judgment, the defendants demonstrated, prima facie, that the plaintiffs failed to provide notice of a potential legal malpractice claim within a reasonable time in view of all of the circumstances (*see Great Canal Realty Corp. v Seneca Ins. Co., Inc.*, 5 NY3d 742 [2005]; *120 Whitehall Realty Assoc., LLC v Hermitage Ins. Co.*, 40 AD3d 719 [2007]; *Genova v Regal Mar. Indus.*, 309 AD3d 733 [2003]; *Zadrima v PSM Ins. Cos.*, 208 AD2d 529 [1994]). We agree that, at a minimum, the plaintiffs knew or should have known of a potential malpractice claim no later than July 2003. The notice provided a year later was unreasonable as a matter of law (*see e.g. Deso v London & Lancashire Indem. Co. of Am.*, 3 NY2d 127 [1957]; *Steinberg v Hermitage Ins. Co.*, 26 AD3d 426 [2006]; *Modern Cont. Constr. Co., Inc. v Giarola*, 27 AD3d 431 [2006]; *Zadrima v PSM Ins. Cos.*, 208 AD2d at 529). In light of this conclusion, we need not and do not address whether or not the plaintiffs' obligation to provide notice was triggered at any earlier point.

In opposition, the plaintiffs failed to raise a triable issue of fact. Even construing all inferences in their favor, there was no basis for a reasonable, good faith belief in nonliability excusing their delay in providing notice (*see Bowman v Kusnick,* 35 AD3d 643 [2006]).

Since this is an action for a declaratory judgment, we remit the matter to the Supreme Court, Kings County, for the entry of a judgment declaring that the defendants are not obligated to defend or indemnify the plaintiffs in the underlying legal malpractice action (*see Lanza v Wagner,* 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Spolzino, J.P., Ritter, Covello and Dickerson, JJ., concur.