■ DONALD PALUMBO, Appellant, v JOSEPH DELL et al., Respondents. [899 NYS2d 642]—

In an action to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Nassau County (Adams, J.), entered April 8, 2009, which denied his motion, in effect, to vacate the dismissal of the action pursuant to CPLR 3216 and to restore the action to the trial calendar.

Ordered that the order is affirmed, with costs.

In a certification order dated July 27, 2008, the Supreme Court directed the plaintiff to file a note of issue within 90 days and warned that failure to comply would result in dismissal of the action pursuant to CPLR 3126. Thus, the certification order had the same effect as a valid 90-day notice pursuant to CPLR 3216 (*see Vinikour v Jamaica Hosp.*, 2 AD3d 518, 519 [2003]; *Aguilar v Knutson*, 296 AD2d 562 [2002]; *Werbin v Locicero*, 287 AD2d 617 [2001]). Having received such notice, the plaintiff was required either to file a timely note of issue or move pursuant to CPLR 2004, before the default date, for an extension of time within which to comply (*see Benitez v Mutual of Am. Life Ins. Co.*, 24 AD3d 708 [2005]; *Bokhari v Home Depot U.S.A.*, 4 AD3d 381 [2004]; *McKinney v Corby*, 295 AD2d 580, 581 [2002]). The plaintiff did neither, and the action was subsequently dismissed pursuant to CPLR 3216.

An action dismissed pursuant to CPLR 3216 may be restored only if the plaintiff can demonstrate both a reasonable excuse for the default in complying with the 90-day notice and a meritorious cause of action (*see Picot v City of New York*, 50 AD3d 757 [2008]; *Sapir v Krause, Inc.*, 8 AD3d 356, 356-357 [2004]; *Lopez v Imperial Delivery Serv.*, 282 AD2d 190, 197 [2001]). Here the plaintiff failed to demonstrate the merits of his legal malpractice action, which alleged that the defendants were negligent in failing to pursue a strict products liability

claim against the manufacturer of a phacoemulsification unit utilized during the plaintiff's cataract surgery. Notably, the record is devoid of any expert medical evidence establishing the merits of the products liability claim, and there is no other showing that the plaintiff would have succeeded on such a claim (*see N.A. Kerson Co. v Shayne, Dachs, Weiss, Kolbrenner, Levy & Levine*, 45 NY2d 730, 732 [1978]; *Matera v Catanzano*, 161 AD2d 687, 688 [1990]; *see also Ideal Steel Supply Corp. v Beil*, 55 AD3d 544 [2008]; *Payette v Rockefeller Univ.*, 220 AD2d 69, 74 [1996]). Accordingly, the Supreme Court properly denied the plaintiff's motion (*see Mosberg v Elahi*, 80 NY2d 941, 942 [1992]; *Serby v Long Is. Jewish Med. Ctr.*, 34 AD3d 441 [2006]). Mastro, J.P., Santucci, Dickerson, Belen and Austin, JJ., concur.