*1003 In an action, inter alia, to recover damages for medical malpractice and lack of informed consent, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Brandveen, J.), dated June 29, 2009, which granted the motion of the defendants Homayoun Nazarian Sasson and H. Sasson, M.D., EC., and the separate motion of the defendant North Shore University Hospital, in effect, pursuant to CPLR 3216 to dismiss the action pursuant to a recertification order of the same court (McCabe, J.), dated July 16, 2008, directing the plaintiffs to file a note of issue within 90 days, and denied their cross motion to extend the time to serve and file a note of issue.
Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.
The recertification order of the Supreme Court dated July 16, 2008, directing the plaintiffs to file a note of issue within 90 days and warning that the action would be deemed dismissed without further order of the court if the plaintiffs failed to comply with that directive, had the same effect as a valid 90-day notice pursuant to CPLR 3216 (see Rodriguez v Five Towns Nissan, 69 AD3d 833 [2010]; Petersen v Lysaght, Lysaght & Kramer, PC., 47 AD3d 783 [2008]; Sustad v Karagiannis, 305 AD2d 664 [2003]). Having received a 90-day notice, the plaintiffs were required either to file a timely note of issue or to move, before the default date, for an extension of time pursuant to CPLR 2004 (see Bokhari v Home Depot U.S.A., 4 AD3d 381, 382 [2004]; Apicella v Estate of Apicella, 305 AD2d 621 [2003]; Aguilar v Knutson, 296 AD2d 562 [2002]). The plaintiffs did neither.
To avoid the dismissal of the action, the plaintiffs were required to demonstrate a reasonable excuse for their failure to comply with the recertification order and the existence of a potentially meritorious cause of action (see Rodriguez v Five Towns Nissan, 69 AD3d 833 [2010]; Bokhari v Home Depot U.S.A., 4 AD3d 381, 382 [2004]; Sustad v Karagiannis, 305 AD2d 664 [2003]). Even assuming that the plaintiffs provided a reasonable excuse for their default (see CPLR 2005; Giannoccoli v One Cent. Park W Assoc., 15 AD3d 348, 349 [2005]; Betty v City of New York, 12 AD3d 472, 473-474 [2004]; Association for Children with Learning Disabilities, Nassau Ch. v Zafar, 115 AD2d 580, 581 [1985]), they failed to demonstrate a potentially meritorious cause of action. The affirmation of the plaintiffs’ medical expert was insufficient to demonstrate that the causes of action alleging medical malpractice and lack of informed consent were potentially meritorious, since, inter alia, the medical expert failed to establish that *1004 his opinions were grounded in facts appearing in the hospital or medical records (see Bollino v Hitzig, 34 AD3d 711 [2006]; Perez v Astoria Gen. Hosp., 260 AD2d 457, 458 [1999]; Nepomniaschi v Goldstein, 182 AD2d 743, 744 [1992]). Accordingly, the Supreme Court properly granted the motions, in effect, pursuant to CPLR 3216 to dismiss the action and properly denied the plaintiffs’ cross motion to extend the time to serve and file a note of issue. Mastro, J.P, Florio, Dickerson, Belen and Lott, JJ., concur. [Prior Case History:: 24 Misc 3d 1230(A), 2009 NY Slip Op 51676(U).]