OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed and -the motions to dismiss the proceedings denied.
Petitioners commenced these proceedings in August 1976 pursuant to article 7 of the Real Property Tax Law. Respondent Town of Ramapo did not answer the petitions, relying instead on the automatic statutory denial of petitioners’ allegations (RPTL 712 [1] [if respondent fails to serve an answer within the required time, at least five days prior to the return date unless extended, all allegations shall be deemed denied]). By motion returnable January 11, 1985, respondent sought ex parte relief pursuant to RPTL 718 to dismiss the proceedings for failure to prosecute.
Although the courts below correctly recognized that the proceedings could not be dismissed pursuant to RPTL 718 because they were commenced prior to the effective dates of the statute’s enactment (see, L 1977, ch 152, § 2 [eff Jan. 1, 1978]; L 1976, ch 428, § 2 [eff Jan. 1, 1977]), they erred in granting the ex parte motions to dismiss on the grounds of "gross laches” or failure to prosecute. The procedural device of dismissing a petition for failure to prosecute is a legislative creation, not a part of a court’s inherent power (Cohn v Borchard Affiliations, 25 NY2d 237, 248). Thus, the conceded failure of respondent or the court to afford petitioners adequate written notice constitutes a failure of a condition precedent to the dismissal (CPLR 3216 [b]). We note that although joinder of issue and the lapse of a year since joinder are also conditions precedent to dismissal, the expiration of the period *903 in which respondent is deemed to have interposed by statute its automatic denial of the allegations of the petition (RPTL 712 [1]) suffices in these circumstances to fulfill the requirement that issue be joined.
Chief Judge Wachtler and Judges Simons, Kaye, Titone, Hancock Jr., and Bellacosa concur; Judge Alexander taking no part.
Order reversed, with costs, and motions to dismiss the proceedings denied in a memorandum.