■ FLUSHING NATIONAL BANK, Respondent, v CARAT CONTRACTING COMPANY, INC., et al., Appellants.—In an action, *inter alia,* to recover the amount due on a promissory note, the defendants appeal from an order of the Supreme Court, Queens County (Hentel, J.), dated February 20, 1990, which denied their motion pursuant to CPLR 3404 to dismiss the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action against the defendants in 1976 to recover the amount due on a promissory note and to recover damages for breach of a construction contract. Issue was joined, and pretrial proceedings continued until 1980. The case then languished until the plaintiff filed a note of issue and certificate of readiness in June 1989. The defendants moved to dismiss the complaint pursuant to CPLR 3404 on the ground that the action had been abandoned.

The defendants' motion was properly denied. CPLR 3404 is inapplicable, as there is no evidence that the action had ever been "marked 'off' or struck from the calendar or unanswered on a clerk's calendar call" *(see,* CPLR 3404; *Auerbach v Kaufman,* 173 AD2d 229; *Trustees of Town of Southampton v Heilner,* 143 AD2d 134; *Thompson v Thompson,* 103 AD2d 772).* The defendants argue on appeal that a dismissal was warranted pursuant to CPLR 3216 due to the plaintiff's inordinate delay in prosecuting the action. This remedy is unavailable to the defendants, as they failed to serve a 90-day notice demanding that the note of issue be filed, which is a condition precedent to relief under this provision *(see,* CPLR 3216 [b] [3]; *Airmont Homes v Town of Ramapo,* 69 NY2d 901; *Auerbach v Kaufman, supra; Solis v Mary Immaculate Hosp.,* 170 AD2d 666; *Bauernfeind v Albany Med. Center Hosp.,* 154 AD2d 754). Further, the defendants' motion to dismiss the complaint was not brought until six months after the plaintiff filed a note of issue. Sullivan, J. P., Lawrence, O'Brien and Ritter, JJ., concur.