■ VILLAGE OF TARRYTOWN, Respondent, v WOODLAND LAKE ESTATES, INC., Appellant. (Action No. 1.) WOODLAND LAKE ESTATES, INC., Appellant, et al., Plaintiff, v VILLAGE OF TARRYTOWN, Respondent, et al., Defendants. (Action No. 2.) SPA HOLDING CORPORATION, Plaintiff, v VILLAGE OF TARRYTOWN, Defendant. (Action No. 3.) [607 NYS2d 114] —In three consolidated actions in which Woodland Lake Estates, Inc., was directed by a judgment of the Supreme Court, Westchester County (Beishem, J.), entered December 11, 1981, to, *inter alia,* file a note of issue for a hearing to determine the value of property owned by Woodland Lake Estates, Inc., and appropriated by the respondent Village of Tarrytown, Woodland Lake Estates, Inc., appeals (1) from an order of the Supreme Court, Westchester County (Ingrassia, J.), entered June 27, 1991, which, in effect, granted the respondent's motion to vacate the note of issue and denied the appellant a valuation hearing, and (2) as limited by its brief, from so much of an order of the same court entered October 3, 1991, as, upon reargument, adhered to the determination made in the order entered June 27, 1991.

Ordered that the appeal from the order entered June 27, 1991, is dismissed, as that order was superseded by the order entered October 3, 1991, made upon reargument; and it is further,

Ordered that the order entered October 3, 1991, is reversed insofar as appealed from, on the law, the order entered June 27, 1991, is vacated, and the respondent's motion to vacate the note of issue is denied; and it is further,

Ordered that the appellant is awarded one bill of costs.

The appellant served and filed a note of issue in November 1990 for a hearing to determine the value of certain property appropriated by the respondent, Village of Tarrytown. The appellant's right to such a hearing was established in a judgment of the Supreme Court, Westchester County, entered December 11, 1981, which was unsuccessfully appealed by the Village *(see, Woodland Lake Estates v Village of Tarrytown,* 97 AD2d 338). After the note of issue was filed, the Village moved to vacate the note of issue and to dismiss the matter based on the appellant's alleged abandonment of its right to a valuation hearing.

We find that the Supreme Court erred in granting the motion, as the Village failed to serve a 90-day demand to resume prosecution pursuant to CPLR 3216 (b) *(see, Cohn v Borchard Affiliations,* 25 NY2d 237; *Flushing Natl. Bank v Carat Contr. Co.,* 176 AD2d 783). Moreover, since the appellant filed its note of issue before a 90-day demand to resume prosecution was served, the matter may not be dismissed based on the appellant's delay prior to filing its note of issue *(see,* CPLR 3216 [d]; *Thompson v Thompson,* 103 AD2d 772).

Finally, we note that CPLR 3404 is inapplicable here *(see, Flushing Natl. Bank v Carat Contr. Co., supra).* Miller, J. P., O'Brien, Ritter and Krausman, JJ., concur.