(September 26, 1995)

■ BANCA DI ROMA, Appellant-Respondent, v TRIPODI EYEWEAR INTERNATIONAL, INC., et al., Respondents-Appellants, et al., Defendant. [631 NYS2d 821] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered March 24, 1994, which denied plaintiff's motion for summary judgment pursuant to CPLR 3212, and which denied defendants' cross-motion for summary judgment pursuant to CPLR 3212 dismissing the complaint, affirmed, without costs.

The IAS Court properly determined that the parties' respective motions for summary judgment were precluded by triable issues of fact, requiring discovery, with respect to the plaintiff's reasons for its admitted ten year delay in pursuing the action, whether abandonment, estoppel or waiver are available as viable defenses to the plaintiff's delayed claim, and with respect to the extent of prejudice, if any, to the defendants by reason of the delay (*Ellis v Allstate Ins. Co.*, 151 AD2d 543, 544).

The record below reveals that, in the absence of discovery, plaintiff has failed to tender sufficient evidence to eliminate any material issues of fact as to whether it has abandoned,

waived or should be estopped from asserting its claim on four promissory notes and a guaranty by reason of its ten year delay in pursuing the action (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853).

Dismissal of the underlying action as having been abandoned pursuant to CPLR 3404 or for failure to prosecute pursuant to CPLR 3216 is, at present, unavailable. The complaint may not be dismissed as abandoned pursuant to CPLR 3404 unless the action has been marked off the court's calendar and not restored within one year (*Auerbach v Kaufman*, 173 AD2d 229, 230), and no action may be dismissed for failure to prosecute pursuant to CPLR 3216 unless the party seeking dismissal first demands that a note of issue be served and filed and the plaintiff fails to comply with the demand within ninety days (*Village of Tarrytown v Woodland Lake Estates*, 200 AD2d 738, 739).

Further, the parties' conflicting affidavits raise a triable issue of fact as to whether the plaintiff should be estopped from asserting its claim on the notes and guaranty, where, as here, defendants have alleged that they lacked knowledge of the fact that the plaintiff, after its ten year delay, intended to pursue the action, that the defendants relied in good faith on the plaintiff's conduct in allegedly having settled the action, and that the defendants, as a result of that reliance, thereafter experienced a prejudicial change in their position, which resulted in the destruction of their legal files, to their detriment (*Nassau Trust Co. v Montrose Concrete Prods. Corp.*, 56 NY2d 175, 184).

The parties' conflicting affidavits also raise a triable issue as to whether the plaintiff intended to waive or relinquish its claim by its ten year delay in prosecuting the action (*Hadden v Consolidated Edison Co.*, 45 NY2d 466, 469). Concur—Murphy, P. J., Rubin, Asch and Williams, JJ.

Sullivan, J., dissents in a memorandum as follows: Since there are no factual issues regarding the execution of the notes and their nonpayment nor any proof of the purported oral settlement, and, in my view, the bank's delay in pursuing the action and the resultant prejudice, if any, to defendants do not constitute valid defenses, I would grant summary judgment to the bank.

Defendants, assuming that the court has inherent power to dismiss the action for plaintiff's neglect, characterize plaintiff's conduct as abandonment and assert that plaintiff is barred by the doctrines of laches, estoppel and waiver from pursuing the action. In reality, defendants are seeking dismissal of the ac-

tion for failure to prosecute. Under the circumstances of this case, however, no such relief is available. "[T]he courts have no inherent power to dismiss civil cases for failure to proceed and cannot do so in the absence of legislation." (*Matter of Holtzman v Goldman*, 71 NY2d 564, 573, citing *Cohn v Borchard Affiliations*, 25 NY2d 237, 248; CPLR 3216.)

The history of CPLR 3216 and the case law interpreting it unquestionably establish that an action may be dismissed as neglected or abandoned prior to the filing of a note of issue only if a note of issue is not served and filed within 90 days of a demand therefor (*cf.*, CPLR 3404). "As [CPLR 3216] now reads, the statute permits of no doubt as to its meaning: no motion to dismiss for failure to prosecute, brought prior to the filing of a note of issue, may be made unless the defendant has first served the plaintiff with a demand that he file a note of issue. In other words, under the 1967 [enactment of CPLR 3216],[*] any plaintiff who has neglected to place his case on the calendar for any reason automatically gets a second chance to do so before his case may be dismissed." (*Cohn v Borchard Affiliations, supra*, at 246; *see also, Shickler v Nassau Trust Co.*, 111 AD2d 800, 800-801 ["Service of a demand for a note of issue is a condition precedent to a dismissal for failure to prosecute"]; *Ciminelli Constr. Co. v City of Buffalo*, 110 AD2d 1075, 1076, *appeals dismissed* 65 NY2d 1053 ["Because no 90-day demand (for the purpose of bringing on motions to dismiss for failure to prosecute) had been served, the court was without power to grant the motions"].)

The conclusion is thus inescapable that CPLR 3216, which has not been complied with in this case, and CPLR 3404, which is not claimed to be applicable, are the exclusive remedies for dismissing an action where the plaintiff has unreasonably neglected to proceed and that a motion to dismiss based on such neglect—whether couched in terms of abandonment, estoppel, laches or waiver—cannot be granted unless a 90-day demand has been served.

Accordingly, since there is no basis for dismissal of the action and there are no viable defenses and hence no questions of fact precluding summary judgment, plaintiff's motion should have been granted.

---

* Other than replacing the 45-day demand requirement with a 90-day demand, the statute is unchanged.