■ AMEROPAN REALTY CORPORATION, Respondent, v RANGELEY LAKES CORPORATION, Appellant. [635 NYS2d 691] —In an action, *inter alia*, to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Nassau County (Becker, J.), dated May 5, 1994, which denied its motion pursuant to CPLR 3216 to dismiss the complaint for want of prosecution.

Ordered that the order is affirmed, with costs.

On November 29, 1993, the Supreme Court issued an order directing the plaintiff to file a note of issue within 90 days. The plaintiff subsequently retained new counsel and did not file a

note of issue until March 14, 1994, 15 days after the 90-day period set by the court had expired. The defendant responded by moving pursuant to CPLR 3216 to dismiss the complaint for want of prosecution, and the Supreme Court denied the motion. We affirm.

It is well settled that CPLR 3216 permits a court to dismiss an action for want of prosecution only after the court or the defendant has served the plaintiff with a written demand to resume prosecution of the action and to file a note of issue within 90 days after receipt of the demand. The notice must also advise the plaintiff that the failure to comply with the demand will serve as the basis for a motion to dismiss the action. Since CPLR 3216 is a legislative creation and not part of a court's inherent power (*Airmont Homes v Town of Ramapo*, 69 NY2d 901; *Cohn v Borchard Affiliations*, 25 NY2d 237), the failure to serve a written demand that conforms to the provisions of CPLR 3216 is the failure of a condition precedent to dismissal of the action (*Airmont Homes v Town of Ramapo, supra*).

Contrary to the defendant's contention, the Supreme Court's order dated November 29, 1993, cannot be deemed a notice pursuant to CPLR 3216 because it does not conform to the provisions of that statute. Since a proper notice was not served upon the plaintiff prior to the defendant's motion, the Supreme Court was not authorized to dismiss the action pursuant to CPLR 3216 (*see, Flushing Natl. Bank v Carat Contr. Co.*, 176 AD2d 783; *Solis v Mary Immaculate Hosp.*, 170 AD2d 666). Sullivan, J. P., Thompson, Krausman and Florio, JJ., concur.