◼ DAVID B. JACOBS, Appellant, v LINDA CIRNIGLIARO, Respondent. [686 NYS2d 827] —In an action, *inter alia*, to recover fees for legal services allegedly rendered to the defendant, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Franco, J.), dated December 12, 1996, which, *inter alia*, after a preliminary conference, *sua sponte* directed him to file a note of issue within 90 days of the date thereof, (2) an order of the same court dated January 14, 1998, which granted the defendant's cross motion to dismiss the complaint pursuant to CPLR 3216 for want of prosecution, imposed sanctions upon him, and denied as academic his motion for summary judgment, and (3) an order of the same court dated March 23, 1998, which denied his motion, in effect, for reargument of his motion for summary judgment.

Ordered that the appeal from the order dated December 12, 1996, is dismissed, without costs or disbursements, as it is not appealable as of right (*see,* CPLR 5701), and leave to appeal has not been granted; and it is further,

Ordered that the appeal from the order dated March 23, 1998, is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated January 14, 1998, is modified, on the law, by deleting the provision thereof granting the defendant's cross motion to dismiss and substituting therefor a provision denying the cross motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff's action should not have been dismissed pursuant to CPLR 3216. The plaintiff alleges, without contradiction, that he was not present at the preliminary conference and that he was not aware of the order dated December 12, 1996, directing him to file a note of issue until he received the order dated January 14, 1998, dismissing the complaint (*see, Chase v Scavuzzo,* 87 NY2d 228, 233; *Fernandez v Minsky,* 242 AD2d 665; *cf., Longacre Corp. v Better Hosp. Equip. Corp.,* 228 AD2d 653).

However, contrary to the plaintiff's claim, the court did not err in denying his motion for summary judgment, since that motion was for the same relief as was sought in a prior motion which was denied by the Supreme Court and affirmed by this Court (*see, Jacobs v Cirnigliaro,* 221 AD2d 319). No new proof was submitted to support a subsequent request for the same relief. Thus the court properly imposed a sanction on the plaintiff since the instant motion for summary judgment was frivolous. Santucci, J. P., Krausman, Goldstein and Luciano, JJ., concur.