■ THE PROMENADE et al., Appellants, v SCHINDLER ELEVATOR CORPORATION et al., Respondents, et al., Defendant. GLICK CORPORATION et al., Third-Party Plaintiffs-Respondents, v A. WACHSBERGER ROOFING & SHEET METAL CORP. et al., Third-Party Defendants, and MEADOW MECHANICAL CORP., Third-Party Defendant-Respondent. (And a Second Third-Party Action.) [743 NYS2d 495] —Order, Supreme Court, New York County (Edward Lehner, J.), entered February 13, 2001, which denied plaintiff's motion to vacate the dismissal of this action, unanimously reversed, on the law, without costs, plaintiff's motion granted, and the case restored to the calendar. Appeal from subsequent order, same court and Justice, entered October 22, 2001, denying "reargument and renewal" of the prior order, unanimously dismissed as academic, without costs.

Defendants claim prejudice from plaintiff's delay of more than a decade in bringing this case to trial or mediation. When plaintiff failed to appear for a scheduled discovery conference in May 1997, the case was marked off the pre-note-of-issue calendar. A year later, plaintiff having failed to move to restore, the case was deemed abandoned and dismissed, purportedly by operation of law under CPLR 3404.

All are in agreement that CPLR 3404 relates to automatic dismissal of "abandoned" cases, i.e., cases not restored to the calendar within a year of being marked off (*Banca Di Roma v Tripodi Eyewear Intl.*, 219 AD2d 536). What needs to be clarified here is that this rule is strictly reserved for cases that have already been placed on the trial calendar (*Lopez v Imperial Delivery Serv.*, 282 AD2d 190, *lv dismissed* 96 NY2d 937); it is inapplicable to cases where note of issue has not yet been filed (*Johnson v Minskoff & Sons*, 287 AD2d 233, 237; *Auerbach v Kaufman*, 173 AD2d 229).

No note of issue was filed in the instant case. In its motion to restore, plaintiff made a showing of merit to its complaint, and sufficiently met defendants' objections based on prejudice. Other discovery-stage remedies may have been available to defendants, but dismissal under CPLR 3404 was improper. Accordingly, plaintiff's motion to restore should have been granted. Concur—Andrias, J.P., Rosenberger, Wallach, Rubin and Friedman, JJ.