■ DONNA HARRISON, Respondent, v GOOD SAMARITAN HOSPITAL MEDICAL CENTER, Appellant. [843 NYS2d 123]—

In an action to recover damages for medical malpractice and lack of informed consent, the defendant appeals from an order of the Supreme Court, Suffolk County (Molia, J.), dated September 25, 2006, which granted the plaintiff's motion to vacate a judgment of the same court entered July 26, 2006, upon an order of the same court dated June 12, 2006, granting

the defendant's unopposed motion to dismiss the action pursuant to CPLR 3216 for failure to prosecute, and restored the action to the calendar.

Ordered that the order is affirmed, with costs.

It is well settled that CPLR 3216 permits a court to dismiss an action for want of prosecution only after the court or the defendant has served the plaintiff with a written notice demanding that the plaintiff resume prosecution of the action and file a note of issue within 90 days after receipt of the demand, and also stating that the failure to comply with the demand will serve as the basis for a motion to dismiss the action. Since CPLR 3216 is a legislative creation and not part of a court's inherent power (*see Airmont Homes v Town of Ramapo,* 69 NY2d 901, 902 [1987]; *Cohn v Borchard Affiliations,* 25 NY2d 237, 248 [1969]), the failure to serve a written notice that conforms to the provisions of CPLR 3216 is the failure of a condition precedent to dismissal of the action (*see Airmont Homes v Town of Ramapo, supra* at 902; *Ameropan Realty Corp. v Rangeley Lakes Corp.,* 222 AD2d 631, 632 [1995]).

The defendant's demand dated November 11, 2004 for the resumption of the prosecution of the action cannot be deemed a notice pursuant to CPLR 3216 because it did not conform to the provisions of that statute. Since a proper notice was not served upon the plaintiff prior to the defendant's motion, the Supreme Court was not authorized to dismiss the action pursuant to CPLR 3216 (*see Kesar v Green Ridge Enters. Corp.,* 30 AD3d 471 [2006]; *Murray v Smith Corp.,* 296 AD2d 445, 447 [2002]; *Ameropan Realty Corp. v Rangeley Lakes Corp., supra* at 632). Accordingly, the Supreme Court properly granted the plaintiff's motion to vacate the judgment dismissing the action. Schmidt, J.P., Krausman, Goldstein, Covello and Angiolillo, JJ., concur.