■ VERONICA TROCHE, Appellant, v GREGORY M. LIEBERMAN, Respondent, et al., Defendants. [868 NYS2d 763]—

CPLR 3216 permits a court to dismiss an action for neglect to prosecute only after the court or the defendant has served the plaintiff with a written notice demanding that the plaintiff file a note of issue within 90 days after receipt of the demand, and advising that the failure to comply with the demand will serve as a basis for a motion to dismiss the action (*see* CPLR 3216 [b] [3]; *Harrison v Good Samaritan Hosp. Med. Ctr.,* 43 AD3d 996 [2007]). "Since CPLR 3216 is a legislative creation and not part of a court's inherent power, the failure to serve a written notice that conforms to the provisions of CPLR 3216 is the failure of a condition precedent to dismissal of the action" (*Harrison v Good Samaritan Hosp. Med. Ctr.,* 43 AD3d at 997 [citations omitted]; *see Chase v Scavuzzo,* 87 NY2d 228, 233 [1995]; *Airmont Homes v Town of Ramapo,* 69 NY2d 901, 902 [1987]).

On August 2, 2005, the Supreme Court issued a certification order which directed the plaintiff to file a note of issue "within 90 days of the date of this Order," and warned that "[t]he failure to file may be the basis of a motion pursuant to CPLR § 3216." Although such an order can constitute a valid 90-day demand pursuant to CPLR 3216 (*see Anjum v Karagoz*, 48 AD3d 605 [2008]; *Bowman v Kusnick*, 35 AD3d 643 [2006]), here, the order was not signed by counsel for the parties, who were not present in court on the date it was issued, and there is no evidence that it was ever served on the plaintiff, or that the plaintiff received it prior to the court's sua sponte dismissal of the action. Under these circumstances, the statutory preconditions to dismissal pursuant to CPLR 3216 were not satisfied (*see Ovchinnikov v Joyce Owners Corp.*, 43 AD3d 1124, 1126 [2007]; *Basile v Chhabra*, 24 AD3d 149 [2005]; *Jacobs v Cirnigliaro*, 259 AD2d 669, 670 [1999]; *cf. Felix v County of Nassau*, 52 AD3d 653 [2008]). Accordingly, the court should not have dismissed the action based upon the plaintiff's failure to comply with the certification order.

In light of our determination, we need not address the parties' remaining contentions. Mastro, J.P., Rivera, Fisher and Eng, JJ., concur.