■ RONALD ROSE et al., Respondents, v HASSAN IBN AZIZ et al., Defendants, and LONG ISLAND COLLEGE HOSPITAL, Appellant. [874 NYS2d 816]—

In an action, inter alia, to recover damages for medical mal-

practice and lack of informed consent, etc., the defendant Long Island College Hospital appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Steinhardt, J.), dated February 14, 2008, as denied its motion pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against it for failure to prosecute.

Ordered that the order is affirmed insofar as appealed from, with costs.

It is well settled that CPLR 3216 permits a court to dismiss an action for want of prosecution only after the court or the defendant has served the plaintiff with a written notice demanding that the plaintiff resume prosecution of the action and serve and file a note of issue within 90 days after receipt of the demand, and also stating that the failure to comply with the demand will serve as the basis for a motion to dismiss the action. Since CPLR 3216 is a legislative creation and not part of a court's inherent power (*see Airmont Homes v Town of Ramapo*, 69 NY2d 901, 902 [1987]; *Cohn v Borchard Affiliations*, 25 NY2d 237, 248 [1969]), the failure to serve a written notice that conforms to the provisions of CPLR 3216 is the failure of a condition precedent to dismissal of the action (*see Airmont Homes v Town of Ramapo*, 69 NY2d at 902; *Harrison v Good Samaritan Hosp. Med. Ctr.*, 43 AD3d 996 [2007]; *Schuering v Stella*, 243 AD2d 623 [1997]; *Ameropan Realty Corp. v Rangeley Lakes Corp.*, 222 AD2d 631, 632 [1995]).

The appellant's notice, dated July 31, 2007, demanding that the plaintiffs serve and file a note of issue cannot be deemed a notice pursuant to CPLR 3216 because it failed to notify the plaintiffs that they were "to resume prosecution of the action and to serve and file a note of issue within ninety days after receipt of such demand" (CPLR 3216 [b] [3]). Since a proper notice was not received by the plaintiffs prior to the appellant's motion, the Supreme Court was not authorized to dismiss the complaint insofar as asserted against the appellant pursuant to CPLR 3216 (*see Harrison v Good Samaritan Hosp. Med. Ctr.*, 43 AD3d 996 [2007]; *Schuering v Stella*, 243 AD2d 623 [1997]; *Ameropan Realty Corp. v Rangeley Lakes Corp.*, 222 AD2d at 632). Rivera, J.P., Dillon, Miller, Balkin and Leventhal, JJ., concur.