■ DAVID MICHAELS et al., Appellants, v SUNRISE BUILDING AND REMODELING, INC., et al., Respondents. [885 NYS2d 110]—

In an action, inter alia, to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Putnam County (O'Rourke, J.), dated April 1, 2008, as granted the motion of the defendant Sunrise Building and Remodeling, Inc., and the separate motion of the defendant United Rockland Stairs, Inc., to dismiss the complaint pursuant to CPLR 3216.

Ordered that the order is modified, on the law and in the exercise of discretion, by deleting the provision thereof granting the motion of the defendant Sunrise Building and Remodeling, Inc., to dismiss the complaint pursuant to CPLR 3216 and substituting therefor a provision denying that motion; as so modified, the order is affirmed, with one bill of costs to the plaintiffs payable by the defendant Sunrise Building and Remodeling, Inc., and one bill of costs to the defendant United Rockland Stairs, Inc., payable by the plaintiffs.

CPLR 3216 allows an action to be dismissed for delays in its prosecution (see CPLR 3216 [a]; see Troche v Lieberman, 57 AD3d 655 [2008]). For an action to be dismissed pursuant to CPLR 3216, three requirements must be satisfied (see CPLR 3216 [b]). Specifically, (1) issue must have been joined, (2) one year must have elapsed following joinder, and: "(3) The court or party seeking such relief, as the case may be, shall have served a written demand by registered or certified mail requiring the party against whom such relief is sought to resume prosecution of the action and to serve and file a note of issue within ninety days after receipt of such demand" (CPLR 3216 [b]).

Although CPLR 3216 requires service by registered or certified mail as a condition precedent to dismissal (see Troche v Lieberman, 57 AD3d at 656; Harrison v Good Samaritan Hosp. Med. Ctr., 43 AD3d 996, 997 [2007]), the Court of Appeals has determined that failure to comply with this requirement "is a procedural irregularity and, absent a showing of prejudice to a substantial right of [a] plaintiff, courts should not deny, as jurisdictionally defective, a defendant's motion to dismiss for neglect to prosecute" (Balancio v American Opt. Corp., 66 NY2d 750, 751-752 [1985]; see Bokhari v Home Depot U.S.A., 4 AD3d 381, 381-382 [2004]; Yi Pao Lu v Scaduto, 303 AD2d 750, 750-751 [2003]).

Although the plaintiffs in the instant matter did not receive

the 90-day notice served by the defendant United Rockland Stairs, Inc. (hereinafter United), via certified or registered mail, their attorney acknowledged that he received the notice via standard postal service. Thus, the plaintiffs were not prejudiced by United's failure to comply with the specific requirements for service set forth in CPLR 3216 (b) (*see Balancio v American Opt. Corp.,* 66 NY2d at 751-752; *Bokhari v Home Depot U.S.A.,* 4 AD3d at 381-382; *Yi Pao Lu v Scaduto,* 303 AD2d at 750-751). "[I]f plaintiff fails to file a note of issue within the 90-day period, 'the court may take such initiative or grant such motion [to dismiss] unless the [defaulting] party shows justifiable excuse for the delay and a good and meritorious cause of action' (CPLR 3216 [e]). Thus, even when all of the statutory preconditions are met, including plaintiff's failure to comply with the 90-day requirement, plaintiff has yet another opportunity to salvage the action simply by opposing the motion to dismiss with a justifiable excuse and an affidavit of merit. If plaintiff makes a sufficient showing, the court is prohibited from dismissing the action." (*Baczkowski v Collins Constr. Co.,* 89 NY2d 499, 503-504 [1997].) Here, the plaintiff failed to make such sufficient showing.

When considering the plaintiffs' excuses for failing to comply with the 90-day notice, the court has discretion "to accept the ill physical or mental health of a litigant's attorney as an acceptable excuse for a default" (*Goldstein v Meadows Redevelopment Co Owners Corp. I,* 46 AD3d 509, 511 [2007]; *see Amato v Commack Union Free School Dist.,* 32 AD3d 807, 807-808 [2006]). Additionally, the court has discretion to accept law office failure as a justifiable excuse (*see* CPLR 2005). However, "a conclusory and unsubstantiated claim of law office failure will not rise to the level of a reasonable excuse" (*Piton v Cribb,* 38 AD3d 741, 742 [2007]; *see Star Indus., Inc. v Innovative Beverages, Inc.,* 55 AD3d 903, 904 [2008]; *Petersen v Lysaght, Lysaght & Kramer, P.C.,* 47 AD3d 783, 784 [2008]). Rather, "a claim of law office failure should be supported by a 'detailed and credible' explanation of the default at issue" (*Lugauer v Forest City Ratner Co.,* 44 AD3d 829, 830 [2007]).

Applying these principles to the matter at bar, the plaintiffs failed to serve and file a note of issue after being served with United's 90-day notice. They contended that this failure was a result of a law office failure and their attorney's health problems. However, the plaintiffs provided no detailed explanation or any evidence to substantiate these excuses. Accordingly, the Supreme Court did not improvidently exercise its discretion in dismissing the complaint insofar as asserted against United

for the plaintiffs' failure to prosecute (*see Huger v Cushman & Wakefield, Inc.,* 58 AD3d 682, 684 [2009]; *Frazzetta v P.C. Celano Contr.,* 54 AD3d 806, 808 [2008]; *Koehler v Sei Young Choi,* 49 AD3d 504, 505 [2008]; *Anjum v Karagoz,* 48 AD3d 605 [2008]). As the plaintiffs failed to provide a reasonable excuse for the failure to prosecute, we need not address whether they provided sufficient evidence to establish the existence of a meritorious cause of action (*see* CPLR 3216 [e]).

The 90-day notice served upon the plaintiffs by the defendant Sunrise Building and Remodeling, Inc. (hereinafter Sunrise), was defective on its face, as it failed to demand that the plaintiffs serve and file a note of issue (*see* CPLR 3216 [b]). Although the plaintiffs raise this issue for the first time on appeal, it involves a question of law that appears on the face of the record, and "[if] brought to the attention of the Supreme Court, could not have been avoided" (*see Matter of 200 Cent. Ave., LLC v Board of Assessors,* 56 AD3d 679, 680 [2008]; *Noghrey v Town of Brookhaven,* 21 AD3d 1016, 1020 [2005]; *34-35th Corp. v 1-10 Indus. Assoc.,* 2 AD3d 711, 711-712 [2003]; *Weiner v MKVII-Westchester,* 292 AD2d 597, 598 [2002]). Accordingly, we reach the issue and determine that, because Sunrise failed to comply with a statutorily-mandated condition precedent prior to filing its motion to dismiss pursuant to CPLR 3216, its motion should have been denied (*see Airmont Homes v Town of Ramapo,* 69 NY2d 901, 902 [1987]; *Cohn v Borchard Affiliations,* 25 NY2d 237, 248 [1969]; *Rose v Aziz,* 60 AD3d 925 [2009]; *Harrison v Good Samaritan Hosp. Med. Ctr.,* 43 AD3d at 997; *Ameropan Realty Corp. v Rangeley Lakes Corp.,* 222 AD2d 631, 632 [1995]). Rivera, J.P., Skelos, Balkin and Leventhal, JJ., concur.