■ ANN PASSET, Respondent, v MENORAH NURSING HOME, INC., Doing Business as MENORAH NURSING HOME & HOSPITAL FOR THE AGED, et al., Appellants. [889 NYS2d 659]—

CPLR 3216 permits a court to dismiss an action for want of prosecution only after the court or the defendant has served the plaintiff with a written notice demanding that the plaintiff resume prosecution of the action and serve and file a note of issue within 90 days after receipt of the demand, and also stating

that the failure to comply with the demand will serve as the basis for a motion to dismiss the action (*see Rose v Aziz,* 60 AD3d 925, 926 [2009]). Since CPLR 3216 is a legislative creation and not part of a court's inherent power (*see Cohn v Borchard Affiliations,* 25 NY2d 237, 248 [1969]), the failure to serve a written notice that conforms to the provisions of CPLR 3216 is the failure of a condition precedent to dismissal of the action (*see Airmont Homes v Town of Ramapo,* 69 NY2d 901, 902 [1987]; *Rose v Aziz,* 60 AD3d at 926; *Harrison v Good Samaritan Hosp. Med. Ctr.,* 43 AD3d 996, 997 [2007]; *Schuering v Stella,* 243 AD2d 623, 624 [1997]).

Here, the defendants' notice demanding that the plaintiff serve and file a note of issue cannot be deemed a notice pursuant to CPLR 3216 because it failed to notify the plaintiff that she was "to resume prosecution of the action and to serve and file a note of issue within ninety days after *receipt* of such demand" (CPLR 3216 [b] [3] [emphasis added]; *cf. Johnson v Minskoff & Sons,* 287 AD2d 233, 238 [2001]). Since no proper notice was received by the plaintiff prior to the defendants' motion, the Supreme Court was not authorized to dismiss the complaint pursuant to CPLR 3216 (*see Rose v Aziz,* 60 AD3d at 926; *Harrison v Good Samaritan Hosp. Med. Ctr.,* 43 AD3d at 997; *Schuering v Stella,* 243 AD2d at 624). Skelos, J.P., Covello, Santucci, Chambers and Austin, JJ., concur.