██ ANEELA WASIF et al., Appellants, v NAWAZ KHAN, Respondent. [919 NYS2d 203]—

CPLR 3216 permits a court to dismiss an action for want of prosecution only after the court or the defendant has served the plaintiff with a written notice demanding that the plaintiff resume prosecution of the action and serve and file a note of issue within 90 days after receipt of the demand, and also stating that the failure to comply with the demand will serve as the basis for a motion to dismiss the action. Since CPLR 3216 is a

legislative creation and not part of a court's inherent power (*see Airmont Homes v Town of Ramapo*, 69 NY2d 901, 902 [1987]; *Cohn v Borchard Affiliations*, 25 NY2d 237, 248 [1969]), the failure to serve a written notice that conforms to the provisions of CPLR 3216 is the failure of a condition precedent to dismissal of the action (*see Airmont Homes v Town of Ramapo*, 69 NY2d at 902; *Rose v Aziz*, 60 AD3d 925, 926 [2009]; *Harrison v Good Samaritan Hosp. Med. Ctr.*, 43 AD3d 996, 997 [2007]; *Schuering v Stella*, 243 AD2d 623, 624 [1997]).

The defendant's purported 90-day demand dated September 1, 2009, served upon the plaintiffs, was defective on its face, as it failed to demand that the plaintiffs serve and file a note of issue (*see* CPLR 3216 [b]; *Michaels v Sunrise Bldg. & Remodeling, Inc.*, 65 AD3d 1021, 1024 [2009]). Furthermore, a so-ordered stipulation filed October 29, 2009, which extended the plaintiffs' time to file a note of issue to January 22, 2010, could not be deemed a 90-day demand since it failed to advise the plaintiffs that the failure to comply therewith would serve as the basis for a motion to dismiss the action (*see Heifetz v Godoy*, 38 AD3d 605 [2007]; *O'Connell v City Wide Auto Leasing*, 6 AD3d 682, 683 [2004]; *Akpinar v John Hancock Mut. Life Ins. Co.*, 302 AD2d 337 [2003]). Since the plaintiffs were not served with a proper 90-day demand, the defendant's motion pursuant to CPLR 3216 to dismiss the complaint should have been denied (*see Rose v Aziz*, 60 AD3d at 926; *Harrison v Good Samaritan Hosp. Med. Ctr.*, 43 AD3d at 997). Skelos, J.P., Covello, Eng, Chambers and Sgroi, JJ., concur.