OPINION OF THE COURT
Randy Sue Marber, J.
The plaintiffs motion seeking an order (a) vacating the dismissal of the action; (b) restoring the action to active status; (c) granting the plaintiff an extension of time to file a note of issue; and (d) scheduling a conference for further discovery, is decided as provided herein.
Pursuant to the certification order of this court dated January 20, 2010, the plaintiff was directed “to file a Note of Issue within 90 days.” The order stated that if plaintiff failed to do so “this action is deemed dismissed without further Order of the Court. (CPLR 3216.)”
Thereafter, on April 23, 2010, a stipulation was filed by the parties extending the plaintiffs time to file a note of issue for 60 days through and including June 21, 2010. To date, notwithstanding the June 21, 2010 deadline set forth in the stipulation, the plaintiff has failed to file a note of issue. Unbeknownst to the plaintiff, on September 15, 2010, the action was dismissed. Upon learning of the dismissal, the plaintiff moved, inter alia, to restore the case to active status and to extend the time to file a note of issue.
In support of her motion, the plaintiff argues that she had no intention of abandoning the case. Rather, her failure to file a note of issue resulted from the fact that, after the parties executed the stipulation, the plaintiff moved, on April 24, 2010, for entry of a default judgment against the defendant, Patricia Ngala. She took no further action as she awaited a decision on the motion. After an order denying the motion was entered on August 19, 2010, the plaintiff filed an appeal of the order with the Appellate Division, Second Department on September 28, 2010. On November 1, 2011, the Appellate Division, Second Department rendered a decision which affirmed the branch of this court’s order denying the plaintiff’s motion seeking a default judgment against the defendant, Patricia Ngala (89 AD3d 712 [2011]).
*492 CPLR 3216 (a) provides that
“[wjhere a party unreasonably neglects to proceed generally in an action or otherwise delays in the prosecution thereof against any party who may be liable to a separate judgment, or unreasonably fails to serve and file a note of issue, the court, on its own initiative or upon motion, may dismiss the party’s pleading on terms.”
A case cannot be dismissed pursuant to CPLR 3216 (a), however, unless a written demand is served upon the party against whom relief is sought to resume prosecution. The demand must comport with statutory requirements and contain a statement that default by the party upon whom such notice is served will constitute a basis for a motion by the party serving the demand for dismissal as against the recipient party for unreasonable neglect to proceed (CPLR 3216 [b] [3]).
Nevertheless, CPLR 3216, however triggered, is “extremely forgiving” of litigation delay (Baczkowski v Collins Constr. Co., 89 NY2d 499, 503 [1997]), and there are a variety of circumstances in which the failure to comply with a CPLR 3216 demand should in the exercise of proper discretion be excused. (Gibson v Fakheri, 77 AD3d 619, 619-620 [2d Dept 2010]; Zito v Jastremski, 35 AD3d 458, 459 [2d Dept 2006].)
A plaintiff who receives a 90-day notice is required to either serve and file a timely note of issue or move, before expiration of the 90-day period, to vacate the notice or extend the 90-day period. (CPLR 2004; Cope v Barakaat, 89 AD3d 670, 671 [2d Dept 2011]; Dominguez v Jamaica Med. Ctr., 72 AD3d 876 [2d Dept 2010].) A plaintiff who fails to pursue either option may still avoid dismissal of the complaint by demonstrating both a justifiable excuse for the delay in responding to the 90-day notice and a meritorious cause of action. (CPLR 3216 [e]; Palumbo v Dell, 73 AD3d 723 [2d Dept 2010]; Picot v City of New York, 50 AD3d 757 [2d Dept 2008].)
While the failure to comply with a court order directing the filing of a note of issue can, in proper circumstances, provide the basis for dismissal of a complaint pursuant to CPLR 3216, courts are prohibited from dismissing an action based on neglect to prosecute unless the statutory preconditions to dismissal set forth in the statute are satisfied. (Tolmasova v Umarova, 90 AD3d 1028 [2d Dept 2011].) The failure to serve a written notice that conforms to the requirements of CPLR 3216 is the failure of a condition precedent to dismissal of the action. *493 (Passet v Menorah Nursing Home, Inc., 68 AD3d 735, 736 [2d Dept 2009]; Rose v Aziz, 60 AD3d 925, 926 [2d Dept 2009].)[1]
As previously noted, the certification order herein dated January 20, 2010 constitutes a valid 90-day demand notice as it advised the plaintiff that the failure to comply therewith would serve as a motion to dismiss the action. (Wasif v Khan, 82 AD3d 1084, 1085 [2d Dept 2011].) This is not the end of the inquiry, however.
The stipulation filed April 23, 2010, which extended the plaintiff’s time to file a note of issue for 60 days up to and including June 21, 2010, does not constitute a 90-day demand since it lacks, inter alia, the required language advising the plaintiff that the failure to comply would serve as a basis for dismissal under CPLR 3216. (Banik v Evy Realty, LLC, 84 AD3d 994, 996 [2d Dept 2011]; Heifetz v Godoy, 38 AD3d 605 [2d Dept 2007].)
Here, because the parties’ stipulation, “So-Ordered” by this court, does not advise the plaintiff that a failure to comply would serve as a basis to dismiss the action, the plaintiffs motion to restore the case to active status, to extend the time to file a note of issue and to establish a discovery schedule as to the defendant, Patricia Ngala, is granted. The plaintiffs time to file a note of issue is hereby extended to April 16, 2012.
The court notes that the parties were afforded an opportunity to comment on the holding and relevance of the recent Court of Appeals decision (Nov. 21, 2011) entitled Cadichon v Facelle (18 NY3d 230 [2011]). The factual predicate in that case, however, is different from that herein in that in Cadichon there was both a stipulation directing the filing of a note of issue by a date certain, as well as a demand for service and filing of a note of issue, served upon and signed by the plaintiff’s counsel, which contained the following language:
“The court demands, pursuant to CPLR 3216, that you resume prosecution of the above entitled action, and that you serve and file a Note of Issue [as per the annexed one page stipulation dated May 3, 2007, i.e., by December 27, 2007] after the receipt of this demand.
“Your default in complying with this demand within *494 the 90-day period will serve as a basis for the court, on its own motion, to dismiss the action for unreasonably neglecting to proceed.”[2]
Because the case had been ministerially dismissed, however, without notice to the parties, and without entry of a formal order by the court, the Court of Appeals reinstated the case noting that, where the case proceeds to the point where it is subject to dismissal, “it should be the trial court, with notice to the parties, that should make the decision concerning the fate of the case, not the Clerk’s Office.” (Cadichon v Facelle at 236.)
Although the Cadichon decision rests on a different factual predicate than the case before this court, the general legal principles enunciated therein by the Court of Appeals have guided this court.
Accordingly, it is hereby ordered, that the plaintiffs motion to vacate the dismissal is granted; and it is further ordered, that the parties are to serve all discovery demands within 20 days of the date of this order; and it is further ordered, that all responses to any discovery demands shall be served within 20 days of the receipt of said demands; and it is further ordered, that the plaintiff and the defendant, Patricia Ngala, shall appear for an examination before trial on April 5, 2012 at 9:30 a.m. at the lower level of this courthouse or such other location as is mutually agreed to by counsel for the parties. The examinations before trial shall not be adjourned to any later date without prior court approval; and it is further ordered, that the plaintiffs counsel shall serve a copy of this order, within seven days of the date of this order, upon counsel for the defendants, pursuant to CPLR 2103 (b) (1), (2) or (3) and shall file proof of such service with the court; and it is further ordered, that if the plaintiff does not file a note of issue by April 16, 2012, this action shall be deemed dismissed without further order of the court pursuant to CPLR 3216.

. The written notice must demand that the plaintiff resume prosecution of the action, serve and file a note of issue within 90 days of receipt of the demand and warn that a failure to comply with the demand will serve as a basis for a motion to dismiss the action.

. The bracketed portion of the quotation represents the trial court’s handwriting.