OPINION OF THE COURT
Memorandum.
Ordered that the order is modified by vacating so much thereof as denied plaintiffs motion to vacate the dismissal of the complaint and to restore the action to the calendar, by providing that plaintiffs motion is granted, and by deleting the words “as moot” from the provision denying the branch of defendants’ cross motion seeking to dismiss the complaint for failure to prosecute; as so modified, the order is affirmed, without costs.
In December 2008, plaintiff commenced this action to recover for damage to premises (described in the lease as a “1 bedroom house/garage” in Ronkonkoma) which she had rented to defendants. In January 2009, defendants, in their answer, generally denied the allegations of the complaint, asserted various affirmative defenses, and interposed several counterclaims. Plaintiff, in a February 2009 reply to the counterclaims, generally denied the allegations set forth therein. On March 23, 2010, Supervising Judge Madeleine A. Fitzgibbon issued a “Notice of CPLR 3216 Dismissal,” which stated: *22 Plaintiff’s counsel sent the clerk of the court a letter dated June 16, 2010, advising the clerk that a motion for partial summary judgment was being prepared and requesting an extension of the deadline for filing the notice of trial in order to permit the motion to be decided. The motion was filed, and the clerk scheduled an August 5, 2010 return date, which the parties agreed to adjourn to August 19, 2010. By order dated September 8, 2010, the District Court (Stephen L. Ukeiley, J.) denied plaintiff’s motion.
*21 “Please be advised that more than one year has elapsed since the joinder of issue in the above entitled action. Pursuant to CPLR 3216, you are required to serve and file a notice of trial within ninety days of receipt of this demand. Failure to timely comply with this demand will result in the dismissal of the action by the Court.”
*22 Thereafter, the parties took no action in the case until November 2014, when plaintiff’s counsel attempted to file a notice of trial, which was rejected by the clerk because, unbeknownst to plaintiff’s counsel, the case had been dismissed in December 2010. In January 2015, plaintiff moved to vacate the dismissal and to restore the matter to the calendar, contending that the apparently ministerial dismissal by the clerk’s office, without notice to the parties, was unauthorized in light of the holding in Cadichon v Facelle (18 NY3d 230 [2011]). Defendants cross-moved to dismiss the complaint, pursuant to CPLR 3216, for failure to prosecute, and sought the imposition of sanctions and attorney’s fees. The District Court, by order dated March 24, 2015, denied plaintiff’s motion, noting that plaintiff’s counsel had conceded in his affirmation that there had been “no apparent activity in this case” for more than four years, from September 8, 2010 until November 2014, and that “this matter had been long dormant.” The court found that Judge Fitzgibbon’s March 23, 2010 notice
“contains a self-executing order of dismissal upon plaintiff’s failure to timely serve and file a notice of trial within the specified time period, and thus is distinguishable from the notice reviewed by the Court of Appeals in Cadichon . . . , which was held to require the trial court to make an additional motion to dismiss the action upon default in complying” (citation omitted).
The District Court also denied as moot the branch of defendants’ cross motion seeking to dismiss the complaint for failure to prosecute and denied the branch of the cross motion seeking the imposition of sanctions and the payment of attorney’s fees.
Plaintiff appeals from so much of the order as denied her motion to vacate the dismissal of the complaint and to restore the action to the calendar. Defendants cross-appeal from so much of the order as denied as moot the branch of their cross motion seeking to dismiss the complaint for failure to prosecute *23 and denied the branch of their cross motion seeking the imposition of sanctions and the payment of attorney’s fees.
In Cadichon v Facelle (18 NY3d 230 [2011]), the trial court served the plaintiff’s counsel with a “Demand for Service and Filing of Note of Issue,” pursuant to CPLR 3216, requiring the service and filing of a note of issue in that Supreme Court action by December 27, 2007, and advised the plaintiff’s counsel that noncompliance with the demand would serve as a basis for the court, on its own motion, to dismiss the action for unreasonably neglecting to proceed. When no note of issue had been served and filed by December 27, 2007, the action was dismissed on December 31, 2007, without notice to the parties. The Court of Appeals reversed this “ministerial” dismissal because the trial court had not provided notice to the parties or issued a formal order dismissing the matter/ Similarly, here, the District Court’s 90-day demand was not followed by any notice to the parties or a formal order of dismissal. Accordingly, so much of the order as denied plaintiff’s motion to vacate the dismissal of the complaint and to restore the action to the calendar is vacated and the motion is granted.
Defendants contend that the branch of their cross motion seeking to dismiss the complaint, pursuant to CPLR 3216, for failure to prosecute should have been granted in light of plaintiff’s counsel’s concession that there had been no activity in this case for over four years, fitting the definition of a general pattern of delay, and because plaintiff had offered neither an excuse for the delay nor an affidavit of merits regarding plaintiff’s claim. While it is true that a motion to dismiss the complaint, pursuant to CPLR 3216, for failure to prosecute, may be granted unless the plaintiff “shows justifiable excuse for the delay and a good and meritorious cause of action” (CPLR 3216 [e]), a condition precedent to making a motion to dismiss on this basis is the service of a 90-day demand “by the party” who “servfed] said demand for dismissal” (CPLR 3216 [b] [3]). CPLR 3216 is a legislative creation and not part of a court’s inherent power, and the failure to serve a written notice, i.e., a 90-day demand, that conforms to the provisions of CPLR 3216 is the failure of a condition precedent to the dismissal of the complaint (see Airmont Homes v Town of Ramapo, 69 NY2d *24 901, 902 [1987]; Rose v Aziz, 60 AD3d 925, 926 [2009]). As defendants have not shown that they ever served plaintiff with such a demand, they have failed to satisfy the precondition and, therefore, are not entitled to the dismissal of the complaint.
Finally, contrary to defendants’ contention, there was no basis for the District Court to impose sanctions or to grant the payment of attorney’s fees.
Accordingly, the order is modified by vacating so much thereof as denied plaintiff’s motion to vacate the dismissal of the complaint and to restore the action to the calendar, by providing that plaintiff’s motion is granted, and by deleting the words “as moot” from the provision denying the branch of defendants’ cross motion seeking to dismiss the complaint for failure to prosecute.
Maraño, P.J., Iannacci and Garguilo, JJ., concur.

 It is noted that subdivisions (a) and (b) (3) of CPLR 3216 were amended in 2014 (L 2014, ch 371, eff Jan. 1, 2015) in the wake of the Cadichon decision, to address the situation where the written demand to serve and file the note of issue is initiated by the court, rather than an opposing party.