JPMorgan Chase Bank, N.A. v Eze (2020 NY Slip Op 07044)





JPMorgan Chase Bank, N.A. v Eze


2020 NY Slip Op 07044


Decided on November 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2018-03642
 (Index No. 7271/11)

[*1]JPMorgan Chase Bank, National Association, etc., respondent, 
v
Chidi Eze, etc., appellant.


Alaba Rufai, Jamaica, NY, for appellant.
Fein, Such & Crane (D.J. & J.A. Cirando, PLLC, Syracuse, NY [John A. Cirando, Bradley E. Keem, and Rebecca L. Konst], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Chidi Eze appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated January 9, 2018. The order, insofar as appealed from, denied that branch of that defendant's cross motion which was pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against him for failure to prosecute.
ORDERED that the order is affirmed insofar as appealed from, with costs.
CPLR 3216 permits a court to dismiss a complaint for want of prosecution only after the court or the defendant has served the plaintiff with a written notice demanding that the plaintiff resume prosecution of the action and serve and file a note of issue within 90 days after receipt of the demand, and stating that the failure to comply with the demand will serve as the basis for a motion to dismiss the action (see CPLR 3216[b][3]; Wasif v Khan, 82 AD3d 1084, 1084; Passet v Menorah Nursing Home Inc., 68 AD3d 735, 735-736). Since CPLR 3216 is a legislative creation and not part of a court's inherent power (see Airmont Homes v Town of Ramapo, 69 NY2d 901, 902; Cohn v Borchard Affiliations, 25 NY2d 237, 248), the failure to serve a written notice that conforms to the provisions of CPLR 3216 is the failure of a condition precedent to dismissal of the complaint (see Airmont Homes v Town of Ramapo, 69 NY2d at 902; Wasif v Khan, 82 AD3d at 1085; Rose v Aziz, 60 AD3d 925, 926).
The defendant's purported 90-day demand was defective on its face, as it failed to demand that the plaintiff serve and file a note of issue within 90 days after receipt of the demand (see CPLR 3216[b][3]; Wasif v Khan, 82 AD3d at 1085; Rose v Aziz, 60 AD3d at 926). Since the plaintiff was not served with a proper 90-day demand, we agree with the Supreme Court's denial of that branch of the defendant's cross motion which was pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against him for failure to prosecute.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
RIVERA, J.P., LEVENTHAL, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court