Jacobowitz v Jacobowitz (2024 NY Slip Op 50821(U))

[*1]

Jacobowitz v Jacobowitz

2024 NY Slip Op 50821(U)

Decided on June 30, 2024

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 30, 2024
Supreme Court, Kings County

Debby Jacobowitz, Plaintiff,

against
Samuel Jacobowitz, Defendant.

Index No. 504309/2022

The Law Offices of Eric D. Feldman, Hartford, CT, for Defendant

Aaron D. Maslow, J.

The following numbered papers were used on this motion: NYSCEF Document Numbers 29-38.
Upon the foregoing papers, the Court having elected to determine the within motion(s) on submission pursuant to 22 NYCRR 202.8-f and IAS Part 2 Rules, Part II (Motions & Special Proceedings), Subpart C (Appearances & Post-Order Matters), Section 6 (Personal Appearances) ("All motions presumptively are to be argued in person unless the Court informs the parties at least two days in advance that it has made a sua sponte determination that a motion will be determined on submission."), and due deliberation having been had thereon,
It is hereby ORDERED as follows:
This action arises out of an alleged fall on the exterior stairway of the premises located at 6 Soland Dave Lane, Swan Lake, New York, on July 14, 2021 (see NYSCEF Doc No. 32). Plaintiff filed the verified complaint on February 11, 2022 and was joined by the verified answer on August 9, 2022 (see NYSCEF Doc No. 30). After serving notice of disclosure on December 21, 2022, Plaintiff's counsel served an order to show cause to be relieved as counsel on June 1, 2023 as Plaintiff wished to discontinue the case (see NYSCEF Doc No. 35). Plaintiff's counsel's motion to be relieved was granted on July 27, 2021, and the action was stayed until October 1, 2023 (see NYSCEF Doc No. 36).
Thereafter, Defendant claims to have served a 90-day notice to resume prosecution on Plaintiff herself pursuant to CPLR 3216. The contents of the 90-day notice complied with CPLR 3216's requirements, and this Court would have granted the instant motion by Defendant to dismiss the complaint based on a failure to respond to the motion, but for one factor: defective proof of service of the 90-day notice.
First, the affidavit of Dariana Vega, a secretary in the office of Defendant's counsel, attests that the mailing took place via regular mail, whereas she attached a certified mail receipt and stated in her affidavit later on that the notice was sent by certified mail return receipt requested. Certified mail is not regular mail. The term "regular mail" refers to first-class mail (see Citibank, N.A. v Conti-Scheurer, 172 AD3d 17 [2d Dept 2019]).
Second, Ms. Vega's attestation is to having mailed the notice "to the said attorney(s) at the address indicated below." Below in the affidavit is the name and address of Plaintiff, not that of an attorney.
Third, while the certified mail receipt contains a postmark of "Grand Central Post Office," there is no fee postage set forth.
Fourth, the affidavit attests to having mailed the notice to Plaintiff at her address with "Apt. #2," but the certified mail receipt itself lacked an apartment number.
Taken together, these factors lead this Court to question what was mailed to whom and by which modality of mail service. In particular, this Court possesses a concern as to whether the notice actually reached Plaintiff since the certified mail receipt did not include the apartment number. This concern is heightened by the fact that although the notice was sent via return receipt requested, Defendant did not produce a green return receipt card, which might have established that Plaintiff received the mailing.
Therefore, the Court finds that the submitted proof of service of the 90-day notice is insufficient to establish a proper mailing (see Petre v Lucia, 205 AD3d 438 [1st Dept 2022]; 21st Mtge. Corp. v Broderick, 191 AD3d 744 [2d Dept 2021]; BSD Realty Estates LLC v Moran, 79 Misc 3d 1222[A], 2023 NY Slip Op 50702[U] [Middletown City Ct 2023]; New York Housing Auth. v Fountain, 172 Misc 2d 784 [Civ Ct, Bronx County 1997]). In the absence of Defendant establishing a proper mailing of the 90-day notice by certified or registered mail, the complaint may not be dismissed for neglect to prosecute the action (see CPLR 3216 [b] [3]).
"The procedural device of dismissing a complaint for undue delay is a legislative creation, and courts do not possess the inherent power to dismiss an action for general delay where the plaintiff has not been served with a 90-day demand to serve and file a note of issue pursuant to CPLR 3216 (b) (see Chase v Scavuzzo, 87 NY2d at 233; Airmont Homes v Town of Ramapo, 69 NY2d 901, 902 [1987]; Cohn v Borchard Affiliations, 25 NY2d 237, 248 [1969]; Arroyo v Board of Educ. of City of NY, 110 AD3d 17 [2013]). Since the plaintiff was [*2]never served with a 90-day demand, the Supreme Court had no authority to dismiss the complaint due to her alleged unreasonable and prejudicial delay in prosecuting the action (see Chase v Scavuzzo, 87 NY2d at 233; Airmont Homes v Town of Ramapo, 69 NY2d at 902; Arroyo v Board of Educ. of City of NY, 110 AD3d 17 [2013]; Docteur v Interfaith Med. Ctr., 90 AD3d at 815; Hodge v New York City Tr. Auth., 273 AD2d 42, 43 [2000])." (Campbell v New York City Tr. Auth., 109 AD3d 455, 455-456 [2d Dept 2013].)
Accordingly, IT IS ORDERED that Plaintiff's motion to dismiss the complaint for want of prosecution is DENIED.